In re INTERNATIONAL PROFIT AS-SOCIATES, INC., Integrated Business Analysis, Inc., Accountancy Associates, LLC, International Tax Advisors, Inc., and Huey Mitchell, Jr.

No. 08–0531.

Supreme Court of Texas.

June 12, 2009.

J. Ken Nunley, Chad Michael Upham, Kelly Putney Rogers, Nunley Jolley Cluck Aelvoet, LLP, Boeme, TX, for Relator.

H.N. Cunningham, III, Robert Bezucha, John Paul Tufnell, Roberts Cunningham & Stripling, L.L.P., Dallas, TX, for Real Party in Interest.

## PER CURIAM.

In this original proceeding, we consider whether a trial court abused its discretion by requiring parties who seek to enforce a forum-selection clause to prove they showed the specific clause to the opposing party when they entered the agreement as a condition to enforcing the clause. We conclude that the trial court abused its discretion and conditionally grant the writ of mandamus. Accordingly, we do not address whether the trial court abused its discretion by denying admission of the original contract at the hearing on the motion to reconsider.

Riddell Plumbing, Inc. (Riddell) hired International Profit Associates, Inc. to provide a business analysis and an initial profitability recommendation. Riddell then decided to move forward with more extensive consulting services and signed a contract with International Profit Associates, Integrated Business Analysis, Inc., Accountancy Associates, LLC, and International Tax Advisors, Inc.[1] The first page of the contract contains a forum-selection clause explaining:

> At [Riddell's] election, [IPA agrees] that all disputes of any kind between the parties arising out of or in connection with these respective independent agreements shall be submitted to binding arbitration.... With regard to all other matters, exclusive jurisdiction and venue shall vest in the Nineteenth Judicial District of Lake County, Illinois, Illinois Law applying.

When Riddell became dissatisfied with IPA's services under the agreement, it did not elect to pursue arbitration. Instead, Riddell filed suit against IPA in Dallas County, Texas. IPA filed a motion to dismiss based on the forum-selection clause in its contract with Riddell.

The trial court denied IPA's motion to dismiss, explaining in an official letter to both parties that IPA "did not sustain [its] burden of proving that the page of the contract containing the forum-selection clause was ever presented [to Riddell]." The court also denied IPA's subsequent motion to reconsider the motion to dismiss. IPA sought a writ of mandamus from the court of appeals, arguing that the trial court abused its discretion in not granting the motion to dismiss because IPA did not have the burden of proving that it showed the forum-selection clause to Riddell. The court of appeals denied IPA's petition for writ of mandamus without explanation.

IPA complains to this Court that the trial court abused its discretion by requiring IPA to prove that it showed the forum-selection clause to Riddell because: (1) there is no obligation to show a specific contractual provision to a party who signs a contract, *In re U.S. Home Corp.*, 236 S.W.3d 761, 764 (Tex.2007), and (2) the burden of proof is not on the party seeking to enforce a forum-selection clause, but on the party challenging the clause. *In re AIU Ins. Co.*, 148 S.W.3d 109, 113 (Tex. 2004). IPA also argues that the trial court abused its discretion because a party's fail-

---

1. The entities, as well as Huey Mitchell, a sales representative for International Profit Associates who was individually sued by Riddell, will be referred to as IPA because the relators filed motions to enforce the forum-selection clause. In response to the motion and in its briefs, real party Riddell Plumbing addresses IPA's arguments collectively.

ure to show a portion of a contract to the other contracting party, absent fraud, is not one of the methods a party can use to challenge a forum-selection clause as established by this Court in *In re Lyon Financial Services, Inc.* 257 S.W.3d 228, 231–32 (Tex.2008).

Riddell counters that failing to show it the forum-selection clause constitutes fraud or overreaching. Riddell explains that the United States Supreme Court established in *Carnival Cruise Lines, Inc. v. Shute,* 499 U.S. 585, 595, 111 S.Ct. 1522, 113 L.Ed.2d 622 (1991), that forum-selection clauses are subject to judicial scrutiny for fundamental unfairness. Applying this principle to the present case, Riddell argues that it would be fundamentally unfair to enforce a forum-selection clause that Riddell's representative, Scott Riddell, was never shown when he signed the contract.

█ In a recent case also involving IPA and the enforceability of a forum-selection clause, we explained that, as a general rule, forum-selection clauses are enforceable, and the party challenging the forum-selection clause bears a heavy burden of proof. *In re Int'l Profit Assocs., Inc.,* 274 S.W.3d 672, 675 (Tex.2009) (citing *In re Lyon,* 257 S.W.3d at 231–32). A trial court abuses its discretion in refusing to enforce the forum-selection clause, unless the party opposing enforcement of the clause can clearly show that: (1) enforcement would be unreasonable or unjust, (2) the clause is invalid for reasons of fraud or overreaching, (3) enforcement would contravene a strong public policy of the forum where the suit was brought, or (4) the selected forum would be seriously inconvenient for trial. *Id.* Applying this standard to the present case, we conclude that the trial court clearly abused its discretion by placing the burden of proof on IPA to demonstrate that it showed the forum-selection clause to Riddell.

█ Riddell primarily supports its challenge to the forum-selection clause with Scott Riddell's testimony that IPA never showed him the first page of the contract, which contained the clause. Riddell further argues that evidence IPA did not show the forum-selection clause to Scott Riddell proves that Riddell's compliance was obtained by fraud or overreaching. Evidence that a party concealed a forum-selection clause combined with evidence proving that concealment was part of an intent to defraud a party may be sufficient to invalidate the clause; here, however, Riddell's evidence that IPA did not direct Scott Riddell to the forum-selection clause is insufficient as a matter of law to prove fraud or overreaching. *In re Lyon,* 257 S.W.3d at 231–32.

█ First, as we explained in *Lyon,* "[a] party who signs a document is presumed to know its contents," including "documents specifically incorporated by reference." 257 S.W.3d at 232. Scott Riddell claims not to have seen page one of the contract containing the forum-selection clause at the time he signed it. There is specific evidence demonstrating that he knew or should have known of the existence of the clause when he signed the contract. Most notably, Scott Riddell signed page four of the contract. A clause two lines above his signature noted: "This document, *4 pages in total,* constitutes the entire agreement for services ..." (emphasis in original). Furthermore, each of the three pages that Riddell claims he saw and endorsed states that the respective pages are "2 of 4," "3 of 4," and "4 of 4." Even assuming that Riddell was not shown page one of the contract, the statements on pages two through four of the contract put him on notice that page one existed; he could have asked for the missing page. *See In re U.S. Home,* 236 S.W.3d at 764 (explaining that a party cannot avoid a

contract clause by simply failing to read it and that if a party was not prevented from reading a contract provision, then there is no evidence of fraud). We conclude that Scott Riddell's testimony, as well as the affidavits of Riddell's other representatives stating that he was never shown the first page of the contract, is insufficient evidence to meet Riddell's heavy burden of proof to avoid enforcement of the contract provision.

■ Second, simply being unaware of a forum-selection clause does not make it invalid. *In re Lyon,* 257 S.W.3d at 233. We explained in *Lyon* that "parties to a contract have an obligation to protect themselves by reading what they sign and, absent a showing of fraud, cannot excuse themselves from the consequences of failing to meet that obligation." *Id.* Scott Riddell's inattention to page one of the contract is not evidence of fraud or overreaching because there is no evidence that IPA made any misrepresentations about or fraudulently concealed the existence of page one or any other portion of the contract. To the contrary, the existence of page one is referenced on every page of the agreement that Scott Riddell read and endorsed. *In re U.S. Home,* 236 S.W.3d at 764. If we were to determine otherwise, it would require a party seeking to enforce a forum-selection clause to prove that the opposing party was separately shown each provision of every contract sought to be enforced and was subjectively aware of each clause. Parties who sign contracts bear the responsibility of reading the documents they sign.

Riddell also claims that the Supreme Court's decision in *Shute* stands for the proposition that courts must evaluate fo-

rum-selection clauses for fundamental unfairness. While this is correct, Riddell misapplies the analysis used in *Shute. See* 499 U.S. at 595, 111 S.Ct. 1522. In *Shute,* the Supreme Court looked for evidence that the forum-selection clause was "used as a means of discouraging cruise passengers from pursuing legitimate claims," as well as evidence of bad faith. *Id.* Conversely, Riddell argues that the forum-selection clause is unfair because its representative was never given the first page of the agreement that included the forum-selection clause and not because the clause itself was fundamentally unfair.[2] Furthermore, Riddell offers no evidence that the selected forum, Illinois, or choice of law, Illinois law, was chosen to deprive the company of its day in court by subverting its substantive rights. *See In re AIU,* 148 S.W.3d at 113 (citing *Shute,* 499 U.S. at 595, 111 S.Ct. 1522).

■ In conclusion, the party challenging a forum-selection clause has the burden of proving the clause is invalid, and the party seeking to enforce the forum-selection clause is not obligated to prove that it specifically showed the clause to the opposing party as a condition of enforcement. Because the trial court placed the burden of proof on IPA and required the company to prove that it showed the forum-selection clause to Riddell, it clearly abused its discretion in denying IPA's motion to dismiss. Accordingly, we conditionally grant mandamus relief and direct the trial court to vacate its order denying IPA's motion to dismiss and enter an order granting the motion. *See* Tex.R.App. P. 52.8(c). We are confident the trial court will comply with

---

**2.** Riddell spends a considerable portion of its brief enumerating unrelated allegations of misconduct or impropriety by IPA and its principals. None of those allegations against IPA is relevant to this appeal. They have no relation to the forum-selection clause at issue in this petition or any actions taken related to the clause itself.

our directive, and the writ will issue only if the trial court fails to do so.