In The 



Court of Appeals



Ninth District of Texas at Beaumont


________________



NO. 09-09-00505-CV


 _____________________





IN RE INTERNATIONAL PROFIT ASSOCIATES, INC.,


INTERNATIONAL TAX ADVISORS, INC., BOB VANDER VEEN,


MARIE O'DONNELL, BILL CONBOY, DONALD GARNER


AND MICHAEL MOSES









Original Proceeding






MEMORANDUM OPINION



 In this mandamus proceeding, relators contend the trial court abused its discretion by
refusing to enforce a contractual forum-selection clause. We conditionally grant the writ of
mandamus. 

 Guardian Force Security Services Corporation ("Guardian") sued International Profit
Associates, Inc. ("IPA"), International Tax Advisors, Inc. ("ITA"), Bob Vander Veen, Marie
O'Donnell, Bill Conboy, Donald Garner, and Michael Moses (collectively "Relators") for
breach of contract, deceptive trade practices, fraud, and negligence. Relators moved for
dismissal in the trial court on the grounds that the parties' contract provided that "exclusive
jurisdiction and venue shall vest in the Nineteenth Judicial District of Lake County, Illinois,
Illinois law applying."

 Relators attached a business records affidavit to the motion to dismiss. The affidavit
explains that the records submitted with the motion are maintained by IPA, in the regular
course of its business, that one of the records is a blank copy of the four-page contract 
identical to the contract executed by Guardian, and that the other record was a copy of pages
three and four of the contract actually executed by Guardian. The affiant explains that the
first page of the exemplar contract is identical to what would have been presented to
Guardian in the regular course of business on the date the two pages in the other business
record were signed.

 Guardian opposed dismissal on the grounds that the forum-selection clause is
contained in a contract that "was never signed" by Guardian. In the alternative, Guardian
argued that the clause is void under Texas law. Guardian attached an affidavit from its
President, James R. Fletcher. Fletcher states that he was not provided with copies of some
documents attached to Relators' motion to dismiss and he was not aware of them. According
to Fletcher, "I never saw these documents before, and I did not sign them." Fletcher admits
that he signed other documents submitted with the motion to dismiss. The trial court denied
Relators' motion to dismiss.

 Even if this Court preferred to apply a rebuttable presumption, which would increase
the trial court's discretion in ruling on the enforceability of a forum selection clause, this
Court and the trial court must follow pronouncements by the Texas Supreme Court. See In
re K.M.S., 91 S.W.3d 331 (Tex. 2002); Lofton v. Texas Brine Corp., 777 S.W.2d 384, 386
(Tex. 1989). This case is governed by the Texas Supreme Court decision in another case
involving IPA and ITA. See In re Int'l Profit Assocs., Inc., 286 S.W.3d 921 (Tex. 2009). 
In that case, the trial court denied the motion to dismiss because the movants failed to prove
they showed the specific clause to the opposing party when they entered the agreement. Id.
at 922. In granting relief, the Supreme Court held that the trial court improperly shifted the
burden of proving the clause is invalid from the party seeking to invalidate the clause to the
party seeking to enforce the clause. Id. at 924.

 Guardian argues that this case is distinguishable from International Profit Associates
because the plaintiff in that case admitted the forum-selection clause was part of the contract
but sought to invalidate the clause. Id. at 923 ("Riddell primarily supports its challenge to
the forum-selection clause with Scott Riddell's testimony that IPA never showed him the first
page of the contract, which contained the clause."). Guardian contends Relators failed to
prove the clause is contained in a contract signed by any party to the case. 

 Immediately above his signature, the page signed by Fletcher states "This document,
4 pages in total, constitutes the entire agreement for services to be performed by Advisors." 
The same statement appeared in the contract at issue in International Profit Associates. Id.
at 923 ("'A clause two lines above his signature noted: 'This document, 4 pages in total,
constitutes the entire agreement for services . . .' (emphasis in original)."). As was the case
in International Profit Associates, the document submitted to the trial court in this case notes
that it is "page 3 of 4" and "page 4 of 4." See Id. ("Furthermore, each of the three pages that
Riddell claims he saw and endorsed states that the respective pages are "2 of 4," "3 of 4," and
"4 of 4."). Obviously, the person signing the contract in International Profit Associates
could not have signed the first page of the contract if it was never presented to him. See Id.
("Scott Riddell claims not to have seen page one of the contract containing the
forum-selection clause at the time he signed it."). The Supreme Court reasoned: "Even
assuming that Riddell was not shown page one of the contract, the statements on pages two
through four of the contract put him on notice that page one existed; he could have asked
for the missing page." Id. 

 Guardian's argument presupposes that each page of the document signed by Guardian
is a separate contract. (1) The four-page document submitted to the trial court has titles on
successive pages, as follows: (1) Agreement for Services (IPA); (2) Accountancy Associates,
LLC; (3) International Tax Advisors, Inc.; and (4) International Profit Associates, Inc. The
first page states that independent agreements are entered into between the client and each of
the entities collectively referred to as "Advisors" in the contract. That page states: "The
following understandings shall apply to all independent agreements for Engagement #
_____". The contractual provisions that apply to all engagements include the forum-selection clause. The second page provides for engagement of business valuation and
business value mapping services by Accountancy Associates, LLC, ("AAL") but evidently
Fletcher did not initial the authorization required to trigger the engagement provisions for
those services and AAL is not a defendant in the case before the trial court. The third page
concerns the engagement of ITA to provide tax planning and transactional structuring
consulting. The fourth page concerns the engagement of IPA for "Corporate Planning For
Profit And Growth." The bottom of this page includes the statement that the contract is four
pages in length and bears the signature of Guardian's president. 

 We see no meaningful distinction between this case and the situation presented to the
Supreme Court in International Profit Associates. Id. at 923-24. This is a contract providing
for independent engagement of IPA and ITA, not four one-page contracts as Guardian
contends. The trial court placed the burden on the wrong party, precisely as occurred in
International Profit Associates. Id. at 924. In that case, the Supreme Court held: 

 In a recent case also involving IPA and the enforceability of a forum-selection clause, we explained that, as a general rule, forum-selection clauses
are enforceable, and the party challenging the forum-selection clause bears a
heavy burden of proof. In re Int'l Profit Assocs., Inc., 274 S.W.3d 672, 675 (Tex.
2009) (citing In re Lyon, 257 S.W.3d at 231-32). 

 . . .

 In conclusion, the party challenging a forum-selection clause has the
burden of proving the clause is invalid, and the party seeking to enforce the
forum-selection clause is not obligated to prove that it specifically showed the
clause to the opposing party as a condition of enforcement. Because the trial
court placed the burden of proof on IPA and required the company to prove
that it showed the forum-selection clause to Riddell, it clearly abused its
discretion in denying IPA's motion to dismiss. 


The Supreme Court's holding in that case applies here. 

 Guardian also argues that the forum-selection clause is unenforceable because: (1) it
would be greatly difficult and inconvenient for a small corporation like Guardian to litigate
in Illinois; (2) the clause contravenes the strong public policy in Texas to encourage its
citizens to rely upon Texas courts; (3) the Illinois forum is designed to discourage legitimate
claims; and (4) Fletcher did not have notice of the forum-selection clause when he signed the
contract. There is no support in the record for the first argument, and the binding precedents
established in two International Profit Associates Supreme Court cases are adverse to the
remainder of Guardian's arguments. See id. at 923; In re Int'l Profit Assocs., Inc., 274
S.W.3d 672, 675 (Tex. 2009). In reaching conclusions, courts of appeals and trial courts are
not free to disregard pronouncements from the Supreme Court. In re K.M.S., 91 S.W.3d at
331. 

 Accordingly, we conditionally grant mandamus relief and direct the trial court to
vacate its order denying Relators' motion to dismiss. See Tex. R. App. P. 52.8(c). We are
confident the trial court will comply with this opinion, and the writ will issue only if the trial
court fails to do so.

 PETITION CONDITIONALLY GRANTED.

 PER CURIAM

Submitted on November 23, 2009

Opinion Delivered December 31, 2009


Before McKeithen, C.J., Gaultney and Horton, JJ. 
1. In its reply to the petition for writ of mandamus Guardian states that "[t]he four documents
produced by Relators clearly do not create a single contract. Instead, they are four independent
contracts that Defendants conveniently threw together; and the first two contract[s] contain no
signatures or agreements by any of the parties at issue."