Affirmed and Memorandum Opinion filed August 12, 2010.

In The

 

Fourteenth Court of
Appeals

___________________

 

NO. 14-09-00456-CV

___________________

 

Jose A. Perez and Nancy C. Perez,
Appellants

 

V.

 

Old American County Mutual Fire Insurance
Company, Appellee



 



 

On
Appeal from the 165th District Court

Harris County,
Texas



Trial Court Cause No. 2008-02691

 



 

 

MEMORANDUM  OPINION

            In
this insurance coverage dispute, the owners of a vehicle damaged in a collision
appeal the trial court’s judgment that the insurer has no duty to defend the
insured or pay damages arising from the accident.  We affirm.

I.  Factual and Procedural History

            On October
4, 2007, seventeen-year-old Maria Nambo was involved in a motor vehicle
accident with Jose A. Perez.  Although Maria was unlicensed, her mother,
Virginia Nambo, permitted her to drive the car.  At that time, Maria’s father, Mario
Nambo, had an automobile insurance policy issued by appellee Old American
County Fire Insurance Company (“Old American”).  In the application for the
policy, Mario warranted that he and Virginia were the only drivers in the
household, and he excluded Virginia from coverage.  He further denied that
there were any residents of his household over the age of fifteen who were not
listed in the application.  During its investigation of the accident, Old
American learned that Maria Nambo resided with Mario and Virginia, and it immediately
rescinded the policy and refunded Mario’s premiums.  It is undisputed that
Mario received and cashed the refund check.  

            Old American
then filed suit against Maria and Mario Nambo and Jose Perez seeking a
declaratory judgment that the policy was validly rescinded and that Old
American therefore had no duty to defend or indemnify the Nambos in connection
with the accident.  Perez, joined by his wife Nancy, counterclaimed for benefits
under the policy and sought treble damages under the Deceptive Trade
Practices-Consumer Protection Act.  Old American and the Perezes filed
cross-motions for summary judgment, which the trial court denied. 

            The Nambos
appeared at trial, but the Perezes did not.  Old American offered Mario’s
deemed admissions that he intentionally failed to disclose Maria’s residence
and her unlicensed status in order to deceive Old American and avoid paying
higher insurance premiums.  In addition, Old American offered uncontroverted
evidence that Virginia had allowed Maria to drive the car on other occasions,
and that Old American would not have accepted the risk of insuring Mario’s
vehicle if he had disclosed that his unlicensed teenager would be driving the
car.  Proceeding pro se, Mario offered evidence that he identified Maria as a
resident of his household when he applied for an earlier policy from a
different agency.  Maria was excluded from coverage under the prior policy, and
Mario testified through an interpreter that if Maria had been identified in the
policy in effect at the time of the accident, she still would have been
excluded from coverage because she did not have a driver’s license.

            The trial
court ruled in favor of Old American and declared that (a) Mario failed to
disclose Maria as a driver or a resident of his household, (b) Old
American relied on these nondisclosures in issuing the policy, (c) the
policy properly was rescinded, and (d) Old American has no duty to defend
Mario or Maria Nambo or to pay damages to them or to Jose Perez in connection
with the accident.  Noting that the Perezes failed to appear, the trial court
dismissed their claims with prejudice, and their motion for new trial was
overruled by operation of law.

II.  Issues Presented

            In their
first issue, the Perezes contend that the trial court erred in denying their
motion for summary judgment.  They argue in their second issue that the trial
court failed to provide them with forty-five days’ notice of the trial setting
as required by Texas Rule of Civil Procedure 245.  In their third issue, they
challenge the legal sufficiency of the evidence, arguing that Old American
presented no evidence that Mario intended to deceive or that he had actual knowledge
that he was required to disclose the fact that his seventeen-year-old daughter
resided with him.  The Perezes assert in their fourth issue that the trial
court violated Mario’s due process rights by failing to provide a licensed or certified
translator at trial.

III.  Analysis

A.        Legal
Sufficiency 

            Because it
is potentially dispositive of the appeal, we begin our analysis with the
Perezes’ challenge to the legal sufficiency of the evidence.  They argue that the
evidence is legally insufficient because a motor vehicle liability insurance
policy may not be canceled for any reason after an accident has occurred.  See
Tex. Transp. Code Ann.
§ 601.073(c) (Vernon 1999) (“The liability of the insurance company for
the insurance required by this chapter becomes absolute at the time bodily
injury, death, or damage covered by the policy occurs.”).  Nevertheless, an
insurer may avoid liability under a policy if it issued the policy in reliance
on a false representation that was material to the risk.  Tex. Ins. Code Ann. § 705.004 (Vernon
2009); see also Odom v. Ins. Co. of the State of Pa., 455 S.W.2d 195,
198 (Tex. 1970) (affirming cancelation of automobile liability policy based on
material false statements in the policy application).  

            The Perezes
next contend there is no evidence that Mario had actual knowledge that he was
required to disclose that Maria resided with him.  The record, however,
establishes that Mario signed the application for insurance representing that
Mario and Virginia Nambo were the only possible drivers of his car and the only
household residents over the age of fifteen.  One who signs a document is
presumed to know its contents.  In re Int’l Profit Assocs., Inc., 286
S.W.3d 921, 923 (Tex. 2009) (per curiam).[1] 
The Perezes also assert that there is no evidence of Mario’s intent to deceive,
but this was conclusively established by Mario’s deemed admissions.  See Tex. R. Civ. P. 198.3.  We therefore
overrule the Perezes’ challenge to the legal sufficiency of the evidence.

B.        Denial of
Summary Judgment

            On appeal,
the Perezes also argue that the trial court erred in denying their motion for
summary judgment.  The general rule, however, is that there is no appeal from
the denial of a motion for summary judgment because such a ruling is
interlocutory.  Cincinnati Life Ins. Co. v. Cates, 927 S.W.2d 623, 625
(Tex. 1996); Tex. R. Civ. P. 166a
cmt. to 1997 change.  The Perezes do not contend that any exception to the rule
applies here; thus, we overrule this issue.

C.        Notice of
Trial Setting

            According to
the Perezes, the trial court violated Texas Rule of Procedure 245 in that it
failed to give them forty-five days’ notice of the trial setting.  See Tex. R. Civ. P. 245 (“The Court may set
contested cases . . . with reasonable notice of not less
than forty-five days to the parties of a first setting for trial, or by
agreement of the parties . . . .”).  In August 2008, the
parties were notified of the docket control order in which the trial date is
identified as April 13, 2009 and followed by the notation, “If not assigned by
the second Friday following this date, the case will be reset.”  The Perezes do
not contend that the docket control order provided them insufficient notice of
the trial setting; rather, they argue that the trial court violated Rule 245 in
that it notified them by letter dated April 7, 2009 that their case was
assigned for trial on April 14, 2009.  This argument is without merit because after
the case initially was set for trial, the parties were not entitled to an
additional forty-five days’ notice when the case was assigned for trial one day
after the original setting.  Id. (“[W]hen a case previously has been set
for trial, the Court may reset said contested case to a later date on any
reasonable notice to the parties . . . .”); Harris (Tex.) Civ. Dist. Ct. Loc. R.
3.4.2 (parties are not entitled to an additional forty-five days’ notice when the
case is assigned for trial by the second Friday after the trial setting).  

D.        Failure to
Provide a Licensed or Certified Translator

            Lastly, the
Perezes seek reversal on the ground that the trial court violated Mario Nambo’s
due process rights by failing to appoint a licensed translator.  In support of
this argument, they rely on section 57.002(a) of the Texas Government Code,
which provides that “[a] court shall appoint a . . . licensed court interpreter
if a motion for the appointment of an interpreter is filed by a party or
requested by a witness in a civil or criminal proceeding in the court.”  Tex. Gov’t Code Ann. § 57.002(a)
(Vernon 2005 & Supp. 2009).  This argument fails because the record does
not show that any party or witness asked the trial court to appoint an
interpreter.[2] 


IV.  Conclusion

            We overrule
each of the issues presented on appeal and affirm the trial court’s judgment.

                                                                                    

                                                                        /s/        Tracy
Christopher

                                                                                    Justice

 

 

Panel consists of Justices Brown,
Sullivan, and Christopher.









[1] The Perezes suggest that
this evidence is insufficient because Old American “failed or refused to
introduce the testimony of the agent who sold the policy to Mr. Nambo attesting
that he either translated or caused the documents to be translated into
Spanish.”  In support of their argument that such evidence is required, the
Perezes cite only Storage & Processors, Inc. v. Reyes, 134 S.W.3d
190 (Tex. 2004).  In Reyes, the Texas Supreme Court held that “an employer
must satisfy the fair notice requirements of the express negligence doctrine
and conspicuousness when it enrolls employees in a non-subscriber workers’
compensation benefits plan,” but that these requirements do not apply if the
employee had actual knowledge of the plan’s terms.  Id. at 191, 194.  Reyes
has no application to this case.





[2] Although Mario “came with
his daughter as interpreter,” the trial court not only explained in Spanish the
effect of Mario’s deemed admissions, but it also administered an oath to
assistant court clerk Emir Duarte to translate from English to Spanish and from
Spanish to English so that, as the trial court explained, Mario would have an
interpreter “who understands the legal language.”  See id. § 57.002(b)
(“A court may, on its own motion, appoint a certified court interpreter or a
licensed court interpreter.”).  The record does not show that Duarte was
unlicensed or that there was any objection to using his services.