

NUMBER 13-11-00320-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG

IN RE: MARK ANDY, INC.

On Petition for Writ of Mandamus.

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Rodriguez and Benavides
Memorandum Opinion by Justice Benavides[1]**

Relator, Mark Andy, Inc. ("Mark Andy"), filed a petition for writ of mandamus in the above cause on May 24, 2011, seeking to compel the trial court to vacate its April 20, 2011 order denying relator's "Motion to Enforce Alternative Relief" and to enter an order dismissing the third-party action filed against Mark Andy based on a forum selection clause. The Court requested and received a response to the petition for writ of mandamus from the real parties in interest, ILP, LLC ("ILP"), Ernesto Gonzalez, and

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions).

Maria Del Rosario Gonzalez, and further received a reply brief from Mark Andy. We conditionally grant the petition for writ of mandamus.

## I. BACKGROUND

By way of a purchase agreement, Mark Andy sold ILP a printing press. The purchase agreement was signed by Ernesto Gonzalez, the president of ILP. The purchase agreement contains a forum selection clause:

> Exclusive Jurisdiction and Venue. Any action brought by either party wherein the subject matter is this Agreement must be brought in U.S. District Court for the Eastern District of Missouri, Eastern Division, or the Circuit Court of St. Louis County, Missouri. Buyer [ILP] waives any objection to jurisdiction or venue in respect of said Courts and to any service of process issued under their authority. Buyer agrees that it may be served by any method of process described in and authorized by the Federal Rules of Civil Procedure, or the Missouri Rules of Civil Procedure, as the case may be. Buyer further agrees that said Courts are the exclusive venues for any such action.

Thereafter, ILP entered into a master lease agreement with Alliant Capital, Inc. to finance the acquisition of the press. Gonzalez, the president of ILP, and his mother, Maria Del Rosario Gonzalez, the vice-president of ILP, signed individual guaranty agreements for the lease. Alliant assigned its rights under the lease to Harbor Capital, L.L.C. ("Harbor").

Harbor filed suit against ILP, Gonzalez, and Maria Del Rosario Gonzalez in the 389th District Court of Hidalgo County alleging that they had defaulted on obligations to pay for the printing press. ILP and the Gonzalezes filed a third-party petition against Mark Andy and filed counterclaims against Harbor on grounds the machinery was defective.

Mark Andy filed a "Motion to Transfer Venue" arguing that venue was not proper based on section 15.020 of the Texas Civil Practice and Remedies Code and the forum

2

selection clause in the purchase agreement, and it requested that the action be "dismissed and transferred to the United States District Court for the Eastern District of Missouri, Eastern Division, and that the Court grant any further relief it deems just and reasonable under the circumstances."[2] *See* TEX. CIV. PRAC. & REM. CODE ANN. § 15.020 (West Supp. 2011) (providing for mandatory venue in cases involving major transactions). The motion specified that: (1) Texas law mandates that Hidalgo County is not the proper venue for the third party action against relator; (2) the contract contains a valid forum selection clause; (3) venue in Hidalgo County is improper under civil practice and remedies code section 15.020; and (4) proper venue is in the United States District Court for the Eastern District of Missouri. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 15.020 (West Supp. 2011).

By "Order Granting Third-Party Defendant Mark Andy, Inc.'s Motion to Transfer Venue," the trial court granted the motion:

> Came on for consideration this day Third-Party Defendant Mark Andy, Inc.'s Motion to Transfer Venue, and after considering the pleadings on file, the parties' submissions and the argument of counsel, the Court is of the opinion that said motion should be GRANTED with respect to the Third-Party Complaint filed against Third-Party Defendant Mark Andy, Inc.
>
> IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that Third-Party Defendant Mark Andy, Inc.'s Motion to Transfer Venue is hereby GRANTED. The Third-Party complaint against Mark Andy, Inc. is hereby transferred to the United States District Court for the Eastern District of

---

[2] A motion to dismiss is a proper procedural mechanism for enforcing a forum selection clause when a party to the agreement has violated the agreement by filing suit in a non-conforming forum. *See Deep Water Slender Wells, Ltd. v. Shell Int'l Exploration & Prod., Inc.*, 234 S.W.3d 679, 687 (Tex. App.—Houston [14th Dist.] 2007, pet. denied); *Phoenix Network Techs. (Europe) Ltd. v. Neon Sys.*, 177 S.W.3d 605, 610 (Tex. App.—Houston [1st Dist.] 2005, no pet.); *Accelerated Christian Educ., Inc. v. Oracle Corp.*, 925 S.W.2d 66, 70 (Tex. App.—Dallas 1996, no writ); *see also Welch v. Nightingale Nurses, LLC*, No. 07-08-0305-CV, 2009 Tex. App. LEXIS 3822, at **4–5 (Tex. App.—Amarillo June 2, 2009, pet. denied) (mem. op.). *Accelerated Christian* expressly rejects the notion that a motion to transfer must be filed instead of a motion to dismiss on a forum selection clause. *See Accelerated Christian Educ., Inc.*, 925 S.W.2d at 70.

Missouri, Eastern Division. The remainder of Cause No. C-003-08-H remains in this Court.

Thereafter, the court's file was sent to the United States District Court for the Eastern District of Missouri, Eastern Division.[3] However, upon receipt, the Clerk of the United States District Court returned the matter to the 389th District Court. By letter accompanying the file, the Clerk informed the Hidalgo County District Clerk that:

> I am returning all of the Hidalgo County District Court materials to you with this letter. Please be advised that a new civil action may not be initiated in the United States District Court pursuant to the order of your court granting a transfer of venue. The Plaintiff will need to follow the district court's rules and meet the jurisdictional requirements for commencing a new civil action in the United States District Court.

Mark Andy then filed a "Motion to Enforce Alternative Relief" in the 389th District Court, seeking dismissal of the case. According to the motion, "dismissal without prejudice (the alternative relief sought in Mark Andy's Motion to Transfer) is the proper relief" for a party seeking to enforce a forum selection clause. The trial court denied the motion, based on the colloquy in the reporter's record, premised on the fact that counsel for Mark Andy had drafted the order of transfer and the trial court had already granted Mark Andy's requested relief. The order of denial recites:

> After considering the motion, any response, and the arguments of counsel, the Court is of the opinion that [relator] is not entitled to have the third-party petition against it dismissed without prejudice based on the "Exclusive Jurisdiction and Venue" clause. Accordingly, it is hereby ORDERED that the Motion is DENIED."

This original proceeding ensued. Mark Andy contends that (1) the trial court abused its discretion by refusing to dismiss the third-party petition against it when the

---

[3] A Texas court does not have the power to transfer a case to another state's court. *See Accelerated Christian Educ., Inc. v. Oracle Corp.*, 925 S.W.2d 66, 70 (Tex. App.—Dallas 1996, no writ); *Tieuel v. Southern Pac. Transp. Co.*, 654 S.W.2d 771, 774 n.1 (Tex. App.—Houston [14th Dist.] 1983, no writ); *West v. City Nat'l Bank*, 597 S.W.2d 461, 464 (Tex. Civ. App.—Beaumont 1980, no writ).

trial court found the forum selection clause to be valid and enforceable, and (2) Mark Andy lacks an adequate remedy by appeal. The Court requested and received a response to the petition from the real parties in interest. The real parties in interest contend: (1) the petition for writ of mandamus should be denied because Mark Andy invited the trial court to err in attempting to transfer the case; and (2) the forum selection clause cannot be enforced because the forum selected by the contract is unavailable.

The parties herein have filed several motions which are currently pending and which we will address before reaching the merits of this proceeding.

The "Motion to Withdraw" filed by counsel for real parties in interest is DISMISSED AS MOOT given that the trial court has granted this motion and allowed the withdrawal of counsel. We previously granted the real parties in interest an additional fourteen days after the trial court allowed their counsel to withdraw to either have newly-retained counsel make an appearance in this original proceeding, or to certify to this Court that they will proceed without counsel. More than fourteen days have passed, but real parties in interest have neither had newly-retained counsel make an appearance herein nor have they certified to this Court that they are proceeding without counsel. Given that the real parties' response to the petition has already been filed, we conclude that the issues before us in this original proceeding are ripe for resolution on the merits.

The two motions filed by real parties in interest prior to the trial court's ruling on withdrawal, the "Objection to Motion to Withdraw and Request to Postpone any Rulings on this Case until this Motion is Resolved" and the "Reply to Mark Andy's Response to

5

Motions to Withdraw and to Postpone Ruling and Request for 30 Day Extension" are DISMISSED AS MOOT.

## II. STANDARD OF REVIEW

Mandamus relief is available when a trial court clearly abuses its discretion and a remedy by appeal is inadequate. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). The Texas Supreme Court has held repeatedly that mandamus relief is available to enforce a forum-selection clause in a contract. *See, e.g., In re Lisa Laser U.S., Inc.*, 310 S.W.3d 880, 883 (Tex. 2010) (orig proceeding); *In re Laibe Corp.*, 307 S.W.3d 314, 316 (Tex. 2010) (orig. proceeding) (per curiam); *In re ADM Investor Servs., Inc.*, 304 S.W.3d 371, 374 (Tex. 2010) (orig. proceeding); *In re Int'l Profit Assocs.*, 286 S.W.3d 921, 922 (Tex. 2009) (orig. proceeding) (per curiam); *In re Int'l Profit Assocs.,* 274 S.W.3d 672, 674 (Tex. 2009) (orig. proceeding) (per curiam); *In re AutoNation, Inc.*, 228 S.W.3d 663, 665 (Tex. 2007) (orig. proceeding); *In re AIU Ins. Co.*, 148 S.W.3d 109, 115–19 (Tex. 2004) (orig. proceeding).

A trial court abuses its discretion when it fails to properly interpret or apply a forum-selection clause. *In re Lisa Laser U.S., Inc.*, 310 S.W.3d at 883; *In re Laibe Corp.*, 307 S.W.3d at 316. Further, an appellate remedy is inadequate when a trial court improperly refuses to enforce a forum-selection clause because allowing the trial to go forward will "vitiate and render illusory the subject matter of an appeal," that is, trial in the proper forum. *In re AIU Ins. Co.*, 148 S.W.3d at 115 (quoting *Jack B. Anglin Co. v. Tipps*, 842 S.W.2d at 269, 272 (Tex. 1992)); *accord In re Laibe Corp.*, 307 S.W.3d at 316.

6

## III. APPLICABLE LAW

In general, forum-selection clauses should be given full effect, and subjecting a party to trial in a forum other than the contractually chosen one amounts to "clear harassment" and injects inefficiency into the judicial process by "enabling forum-shopping, wasting judicial resources, delaying adjudication on the merits, and skewing settlement dynamics." *In re Lisa Laser U.S. Inc.*, 310 S.W.3d at 883. Accordingly, forum-selection clauses are generally enforceable and presumptively valid. *In re Laibe Corp.*, 307 S.W.3d at 316; *In re Int'l Profit Assocs.*, 274 S.W.3d at 675, 680. However, by allowing for exceptions when enforcement of forum-selection clauses would be unreasonable, unjust, or seriously inconvenient, the Texas Supreme Court has recognized that there may be "extreme circumstances" that prevent the enforcement of forum selection clauses. *In re ADM Investor Servs.*, 304 S.W.3d at 376. There is not a bright-line test for avoiding enforcement of forum-selection clauses. *Id.*

A trial court abuses its discretion in refusing to enforce a forum selection clause unless the party opposing enforcement clearly shows: (1) enforcement would be unreasonable or unjust, (2) the clause is invalid for reasons of fraud or overreaching, (3) enforcement would contravene a strong public policy of the forum where the suit was brought, or (4) the selected forum would be seriously inconvenient for trial. *In re Laibe Corp.*, 307 S.W.3d at 316; *In re ADM Investor Servs.*, 304 S.W.3d at 375. The burden of proof is heavy for the party challenging enforcement. *In re Laibe Corp.*, 307 S.W.3d at 316; *In re ADM Investor Servs.*, 304 S.W.3d at 375.

## IV. INVITED ERROR

Real parties in interest contend that Mark Andy invited error in requesting that the case be transferred. According to their theory, Mark Andy prepared the order transferring the case to Missouri, and the trial court signed the order granting Mark Andy its requested relief. Real parties thus contend that "a litigant must be careful when asking what he wishes for; should the trial court grant it, and the litigant is wrong, he cannot complain on appeal."

"The invited error doctrine applies to situations where a party requests the court to make a specific ruling, then complains of that ruling on appeal." *In re Dep't of Family & Protective Servs.*, 273 S.W.3d 637, 646 (Tex. 2009*); see Tittizer v. Union Gas Corp.*, 171 S. W.3d 857, 862 (Tex. 2005) ("[A] party cannot complain on appeal that the trial court took a specific action that the complaining party requested, a doctrine commonly referred to as 'the invited error' doctrine."); *see also Holland v. Wal-Mart Stores, Inc.*, 1 S.W.3d 91, 94–95 (Tex. 1999). In the instant case, Mark Andy is not complaining that the trial court granted its request to transfer the case. Rather, Mark Andy is instead asserting error with regard to what it asked the trial court to do—dismiss the case—but the trial court did not do. This is not invited error. *See In re Dep't of Family & Protective Servs.*, 273 S.W.3d at 646.

## V. UNAVAILABLE FORUM

Real parties in interest contend that the trial court's denial of the motion to dismiss was warranted because there is no available forum in Missouri. They assert that the enforcement of a forum selection clause is a "component of the doctrine of forum non conveniens," and that under the forum non conveniens doctrine, the trial

court should not grant a motion to dismiss when an alternative forum does not exist. Real parties cite *Tullis v. Georgia-Pacific Corporation* in support of their arguments regarding the law applicable under a forum non conveniens analysis. *See* 45 S.W.3d 118, 130 (Tex. App.—Fort Worth 2000, no pet.)

Leaving aside the validity of real parties' contention regarding the application of forum non conveniens law to a forum selection clause,[4] we conclude that the record before us lacks evidence that an alternative forum does not exist. The letter from the Clerk of the United States District Court for the Eastern District of Missouri, Eastern Division merely refused to accept the transfer and informed the parties that real parties needed to follow the appropriate procedures to initiate a lawsuit in that court. The record contains no other evidence pertaining to this issue. Accordingly, we conclude that the trial court could not have refused to dismiss the case on this basis.

## VI. CONCLUSION

As stated previously, forum-selection clauses are generally enforceable and presumptively valid. *In re Laibe Corp.*, 307 S.W.3d at 316; *In re Int'l Profit Assocs.*, 274 S.W.3d at 675, 680. Real parties in interest herein have not shown that this case presents the "extreme circumstances" that prevent the enforcement of forum selection clauses. *In re ADM Investor Servs.*, 304 S.W.3d at 376. There is not a bright-line test for avoiding enforcement of forum-selection clauses. *Id.* Moreover, real parties in

---

[4] While dismissals based on forum non conveniens and forum selection clauses may be somewhat analagous, *see, e.g., In re Pirelli Tire, L.L.C.*, 247 S.W.3d 670, 679 (Tex. 2007) (orig. proceeding) (noting that erroneous denial of a forum non conveniens motion is analogous to the denial of a motion to dismiss based on a forum selection clause in concluding there is no adequate remedy on appeal for such denials), the substantive law underlying these matters is distinct. *Compare, e.g., Quixtar Inc. v. Signature Mgmt. Team, LLC*, 315 S.W.3d 28, 31–35 (Tex. 2010) (discussing the law applicable to motions to dismiss based on forum non conveniens grounds), *with In re Lisa Laser U.S., Inc.,* 310 S.W.3d 880, 883 (Tex. 2010) (orig. proceeding) (discussing the law applicable to motions to dismiss based on forum selection clauses).

interest have not met their "heavy" burden to clearly show that (1) enforcement would be unreasonable or unjust, (2) the clause is invalid for reasons of fraud or overreaching, (3) enforcement would contravene a strong public policy of the forum where the suit was brought, or (4) the selected forum would be seriously inconvenient for trial. *See In re Laibe Corp.*, 307 S.W.3d at 316; *In re ADM Investor Servs.*, 304 S.W.3d at 375. The burden of proof is heavy for the party challenging enforcement. *In re Laibe Corp.*, 307 S.W.3d at 316; *In re ADM Investor Servs.*, 304 S.W.3d at 375. Accordingly, we conclude that the trial court abused its discretion in failing to dismiss the third-party action against Mark Andy. We conditionally grant the petition for writ of mandamus and direct the trial court to vacate its order denying Mark Andy's motion to dismiss and grant the motion to dismiss without prejudice. We are confident the trial court will comply, and the writ will issue only if it fails to do so.

                                      _____

                                      GINA M. BENAVIDES,
Justice

Delivered and filed the
29th day of February, 2012.

10