**Opinion issued June 17, 2014**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-13-00672-CV

————————————

**NANCY L. HENRY AND MS. NANCY'S E-Z OUT BAIL BONDS,**
**Appellants**

**V.**

**FINANCIAL CASUALTY & SURETY INC., Appellee**

On Appeal from the 129th District Court
Harris County, Texas
Trial Court Case No. 2013-16971

## MEMORANDUM OPINION

Appellants Nancy L. Henry and Ms. Nancy's E-Z Out Bail Bonds ("E-Z")

bring this interlocutory, accelerated appeal from the denial of their special

appearance in a suit brought by appellee, Financial Casualty & Surety Inc.

("FCS").[1] E-Z contends that the trial court erred in denying its special appearance because (1) the contract's forum-selection clause is void and unenforceable; (2) FCS did not allege that E-Z—nonresident defendants—committed acts in Texas; and, (3) the court's exercise of personal jurisdiction in this case violates E-Z's due process rights.

We affirm.

## Background

Financial Casualty & Surety Inc. sued Nancy L. Henry and Ms. Nancy's E-Z Out Bail Bonds for breach of contract, breach of fiduciary duty, indemnification, conversion, and fraud arising out of the issuance of bail bonds under a Sub-Producer Bail Bond Agreement (the contract) between the parties. In the petition, FCS alleged that E-Z consented to personal jurisdiction in Texas and that venue was proper in Harris County pursuant to the contract's forum-selection clause. A copy of the contract was attached to the petition and incorporated by reference.

E-Z filed a special appearance[2] in which it argued that the trial court lacked personal jurisdiction over it because it lacked the requisite minimum contacts with

---

[1] *See* TEX. R. CIV. P. 120a; TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(7) (West 2013); *see also* TEX. R. APP. P. 28.1(a) ("Appeals from interlocutory orders . . . are accelerated appeals.").

[2] E-Z's special appearance was combined with a motion to dismiss for forum non conveniens. Although there is a statutory right to an interlocutory appeal from the

Texas, and that traditional notions of fair play and substantial justice would be offended. FCS's response argued that the trial court had personal jurisdiction over E-Z regardless of its contacts with the state because E-Z contractually consented to jurisdiction in Texas, thereby waiving any objections to the Texas court's exercise of personal jurisdiction over it. The contract recited the following clause:

> APPLICABLE LAW, VENUE, AND FORUM. At the discretion of [FCS], the Agreement is to be interpreted in accordance with the laws of the State of Texas, where [FCS] is based, or [E-Z's] home state. **The parties hereto do hereby consent and stipulate to the jurisdiction (at the discretion of [FCS]) of the courts in the State of Texas, County of Harris** or of [E-Z's] home state for any action brought under this Agreement.

(emphasis added).

The trial court held a hearing and overruled E-Z's special appearance.[3] This appeal followed.

## Special Appearance

In three issues, E-Z contends that the trial court erred in denying its special appearance because (1) the contract's forum-selection clause (a) violates Texas law concerning forum-selection clauses, (b) violates Texas's public policy against forum-shopping, (c) is unconscionable for various reasons (e.g., overreaching, one-

---

denial of a special appearance, there is no such right with regard to the denial of a motion to dismiss for forum non conveniens. *See* TEX. R. CIV. P. 120a; TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(7) (West 2013). Accordingly, we will limit our discussion to the merits of E-Z's special appearance.

[3] There is no reporter's record of the hearing.

sidedness), and (d) is ambiguous; (2) FCS did not allege that E-Z—nonresident defendants—committed acts in Texas, and; (3) the Texas court's exercise of personal jurisdiction over E-Z violates its rights to due process of law (i.e., E-Z did not have sufficient minimum contacts with Texas and the exercise of personal jurisdiction in this case offends traditional notions of fair play and substantial justice).

## A.    Standard of Review and Applicable Law

The plaintiff bears the initial burden to plead sufficient allegations to bring a nonresident defendant within the reach of Texas's long-arm statute. *Kelly v. Gen. Interior Constr., Inc.*, 301 S.W.3d 653, 658 (Tex. 2010); *Moki Mac River Expeditions v. Drugg*, 221 S.W.3d 569, 574 (Tex. 2007). The burden then shifts to the nonresident defendant to negate all bases of jurisdiction in those allegations. *Moki Mac*, 221 S.W.3d at 574; *BMC Software Belgium, N.V. v. Marchand*, 83 S.W.3d 789, 793 (Tex. 2002). Because jurisdiction is a question of law, we review a trial court's determination of a special appearance de novo. *Moki Mac*, 221 S.W.3d at 574; *BMC Software*, 83 S.W.3d at 794. When the trial court does not issue findings of fact and conclusions of law, we infer all facts necessary to support the judgment if they are supported by the evidence. *Moki Mac*, 221 S.W.3d at 574; *BMC Software*, 83 S.W.3d at 795. Here, the trial court did not issue findings of fact and conclusions of law. Consequently, we construe the denial of the special

4

appearance as an implied finding that the contract's forum-selection clause was valid and enforceable.

Forum-selection clauses are generally enforceable and presumptively valid. *In re Laibe Corp.*, 307 S.W.3d 314, 316 (Tex. 2010) (per curiam). A trial court abuses its discretion in refusing to enforce the clause unless the party opposing enforcement clearly shows (1) enforcement would be unreasonable or unjust, (2) the clause is invalid for reasons of fraud or overreaching, (3) enforcement would contravene a strong public policy of the forum where the suit was brought, or (4) the selected forum would be seriously inconvenient for trial. *Id.* The burden of proof is heavy for the party challenging enforcement. *Id.* (citing *In re ADM Investor Servs.*, 304 S.W.3d 371, 375 (Tex. 2010)); *see also In re Int'l Profit Assocs., Inc.*, 286 S.W.3d 921, 923 (Tex. 2009) (orig. proceeding) (per curiam).

**B.    Issue 1**

E-Z's first issue contends that the trial court erred in denying its special appearance because (1) the contract's forum-selection clause (a) violates Texas law which, according to E-Z, defines a forum-selection clause as one that requires that the parties agree to litigate any disputes in one forum with "exclusive jurisdiction" over such disputes, (b) violates Texas's public policy against forum-shopping, (c) is unconscionable for various reasons (e.g., overreaching, one-sidedness), and (d) is ambiguous. E-Z's arguments that the forum-selection clause is void and/or

unenforceable are waived because E-Z did not present these arguments to the trial court. *See* TEX. R. APP. P. 33.1; *see also Abacan Technical Servs. Ltd. v. Global Marine Int'l Servs. Corp.*, 994 S.W.2d 839, 844 (Tex. App.—Houston [1st Dist.] 1999, no pet.) (holding party failed to preserve complaint that forum-selection clause was unreasonable as matter of law because party did not raise complaint in trial court).

We overrule E-Z's first issue.

## C.    Issue 2

E-Z's second issue contends that the trial court abused its discretion in overruling its special appearance because FCS failed to plead facts which would subject E-Z to in personam jurisdiction (i.e., alleging that E-Z committed acts in Texas). E-Z's argument is unavailing. FCS did not have to allege that E-Z committed acts in Texas in order plead facts sufficient to bring E-Z within the reach of Texas's long-arm statute because FCS pleaded an alternative ground for personal jurisdiction—consent. In particular, FCS pleaded that E-Z had consented to personal jurisdiction in Texas when it executed the contract with a forum-selection clause. *See Tri–State Bldg. Specialties, Inc. v. NCI Bldg. Sys., L.P.*, 184 S.W.3d 242, 248 (Tex. App.—Houston [1st Dist.] 2005, no pet.) ("If a party signs a contract with a forum[-]selection clause, then that party has either consented to personal jurisdiction or waived the requirements for personal jurisdiction in that

forum.")  The contract was filed as an exhibit to the petition and incorporated therein.  As such, FCS met its initial burden to plead facts sufficient to bring E-Z within the reach of Texas's long-arm statute.  *See Tri–State Bldg. Specialties, Inc.*, 184 S.W.3d at 248 (affirming denial of special appearance; acknowledging that plaintiff met its initial burden by alleging that defendant consented to jurisdiction by virtue of forum-selection clause and defendant—who did not challenge enforceability of clause—failed to negate all possible grounds for jurisdiction).

We overrule E-Z's second issue.

**D.    Issue 3**

E-Z's third issue contends that the trial court erred in denying the special appearance because E-Z lacked sufficient minimum contacts with Texas and the exercise of personal jurisdiction over E-Z would offend traditional notions of fair play and substantial justice.  This argument is also unavailing.  When a party contractually consents to jurisdiction, the party's contacts with the chosen forum are irrelevant for purposes of personal jurisdiction and due process.  *See In re Fisher*, No. 12–0163, —— S.W.3d ——, 2014 WL 801160, at *8 (Tex. Feb. 28, 2014) (orig. proceeding) (stating contractual "consent-to-jurisdiction clause" subjects party to personal jurisdiction, making analysis of that party's contacts with forum for personal jurisdiction purposes unnecessary) (citing *RSR Corp. v. Siegmund*, 309 S.W.3d 686, 704 (Tex. App.—Dallas 2010, no pet.)); *see also*

*Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 473 n.14, 105 S. Ct. 2174, 2182 n.14 (1985) ("Where such forum-selection provisions have been obtained through 'freely negotiated' agreements and are not 'unreasonable and unjust,' their enforcement does not offend due process.") (quoting *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15, 92 S. Ct. 1907, 1916 (1972)).

Here, we are presented with a presumptively valid and enforceable forum-selection clause in which E-Z contractually agreed to submit to the jurisdiction of "the courts in the State of Texas, County of Harris." As previously discussed, E-Z did not challenge the enforceability of the forum-selection clause in the special appearance—in fact, E-Z never even mentions the clause in the special appearance.[4] E-Z, who bears the heavy burden of proving the invalidity of the forum-selection clause, cannot challenge the enforceability of the clause for the first time on appeal. *See In re ADM Investor Servs.*, 304 S.W.3d at 375 ("The burden of proof is heavy for the party challenging enforcement."); *Abacan Technical Servs. Ltd.*, 994 S.W.2d at 844 (holding party failed to preserve complaint that forum-selection clause was unreasonable as matter of law because party did not raise complaint in trial court).

We overrule E-Z's third issue.

---

[4] E-Z's sole reference to the forum-selection clause is in the motion for forum non conveniens—not the special appearance. ("Furthermore, the Forum Selection Clause specifically states New Jersey is an alternate and available forum for a dispute between the parties.")

## Conclusion

We affirm the trial court's denial of E-Z's special appearance.

Jim Sharp
Justice

Panel consists of Justices Jennings, Higley, and Sharp.