**R. L. WARREN et ux., Appellants,**

v.

**H. G. DENISON, dba Denison Contractors, et al., Appellees.**

**No. 8620.**

Court of Civil Appeals of Texas, Amarillo.

Dec. 8, 1975.

Garner, Vickers, Purdom & Nelson, Jack O. Nelson, Jr., Lubbock, for appellants.

Bowers & Cotten, Claude W. Harland, Lubbock, for appellees.

REYNOLDS, Justice.

The principal assertion in this suit is a cause of action on a contract, which entitles plaintiffs to maintain venue of the main suit and the ancillary action in the county of defendants' domicile, rather than an assertion of an action chiefly for damages to or recovery of land which must be brought in the county where the land is located. Reversed and rendered.

On May 17, 1974, plaintiffs R. L. Warren and his wife, Leta Warren, entered into a written contract with defendant H. G. Den-

ison, d/b/a Denison Contractors, for the construction and completion within seven months of a dwelling house on the Warrens' property located in Tahoka, Lynn County, Texas. Simultaneously, the Warrens executed a mechanic's and materialman's lien contract and note and a deed of trust to further secure their payment of the contract price.

More than a year later on May 27, 1975,[1] the Warrens filed this suit against Denison in Lubbock County, Texas, where Denison is domiciled. Setting out the contract, the Warrens alleged breaches of the contract by Denison, including the failure to complete the residence on time or in a good and workmanlike manner, which were claimed to be conditions precedent to their payment of the final amount specified upon completion. The Warrens asked for monetary damages and a declaration of the rights and duties of the parties under their written agreements. In the final of six paragraphs of allegations, the Warrens alleged that Denison had failed to complete construction and was withholding possession from them, and they asked for an order requiring Denison to show cause why the Warrens should not take possession of the property for the purposes of completing construction and mitigating damages.

Denison filed a plea to the venue, seeking to invoke the mandatory provisions of subdivision 14 of the general venue statute[2] to move the suit from his domiciliary county to Lynn County. It was Denison's pleading that Warrens' cause of action was for recovery of, or for damages to, or for removal of encumbrances upon the title to, or to quiet title to, land situated in Lynn County, which required venue there. The Warrens controverted the plea, asserting their cause of action was on a contract which, under subdivision 5, gave them the permissible alternative of bringing their suit in the county of Denison's domicile. Hearing on the venue issue was set for July 21.

Before the hearing date, the Warrens learned that Denison had requested J. B. Cotton, Jr., substitute trustee under the deed of trust, to act and post notices for an August 5 sale of the Warrens' property. The Warrens filed on July 10 their first amended original petition naming Cotton as an additional defendant. Repeating their allegations and prayer for relief against Denison, the Warrens, asserting the requested and pending action by Cotton was without justification, requested that, after proper notice, Cotton be enjoined from proceeding with the trustee's sale. On the same date, the court entered its order requiring Cotton to appear on the same date and time set for the venue hearing to show cause why he should not be enjoined. Ten minutes before the scheduled hearing, Cotton, a resident of Lubbock County, filed his plea to the venue, attempting to have the action against him transferred to Lynn County.

At the scheduled time, the court heard evidence regarding only Denison's plea to venue and, without ruling on Warrens' prayers for temporary relief, sustained Denison's plea, ordering the entire suit against both defendants, Denison and Cotton, transferred to Lynn County. Thereafter and within the time prescribed, the Warrens filed a controverting affidavit to Cotton's venue plea.

■ The general venue rule, and the policy of the law, is that a defendant shall be sued in the county of his domicile. *Pool v. Pickett,* 8 Tex. 61 (1852). However, the legislature has enacted exceptions to the general rule and, generally, the exceptions are for the benefit of the plaintiff, *Fouse v. Gulf, C. & S.F. Ry. Co.,* 193 S.W.2d 241, 244 (Tex.Civ.App.—Fort Worth 1946, no writ), who, by virtue of subdivision 5 and similar exceptions, is granted permissible alterna-

---

1. All dates mentioned hereafter are in the year 1975.

2. Subdivisions of the general venue statute are referred to by the numbers under which they appear in Vernon's Ann.Civ.St. art. 1995.

tives. Notwithstanding, subdivision 14 does require that a suit for recovery of or damage to land, or to remove encumbrances upon or quiet title to land, or to prevent waste on land, must be brought in the county where the land, or a part of it, may lie.

 The question, then, is whether the nature of the Warrens' suit is one on a contract as they contend, or one for damage to and recovery of land as Denison and Cotton insist. That question is determined by the nature of the principal right asserted in the Warrens' petition and the relief they seek for the breach of the asserted right. *Brown v. Gulf Television Co.,* 157 Tex. 607, 306 S.W.2d 706 (1957). Stated differently, the real character of the lawsuit governs the venue. *Bee County Cooperative Association v. Dominy,* 489 S.W.2d 418 (Tex.Civ. App.—Corpus Christi 1972, no writ).

 When the Warrens' pleadings are analyzed, it becomes clear that the real character of their suit is one on a contract. They principally assert the contractual right to a completed residence according to the agreements, which they allege Denison breached, and they ask for a declaration of the rights, obligations and duties of the contracting parties, including an adjudication of any damages to which they are entitled as a credit on the final amount they contracted to pay for a completed residence. Although they pleaded the liens existing on their property as a result of the construction contract, they neither questioned the validity of the liens nor prayed that they be removed or their title quieted. And even though they asked for an order of possession for the purpose of completing the construction under the breached contract, that was an incidental and not a dominant purpose of the suit. Thus, the real character of the suit does not fall within the purview of subdivision 14, but it comes within subdivision 5 which permits the maintenance of the suit in Lubbock County.

 The reason for seeking temporary relief against Cotton's actions arose subsequent to the institution of the main suit and it is, as the parties agree, ancillary to the main suit; therefore, the injunctive action does not affect, but follows the venue of the main suit. See *International & G. N. Ry. Co. v. Anderson County,* 150 S.W. 239 (Tex.Civ.App.—Galveston 1912), *affirmed* 106 Tex. 60, 156 S.W. 499 (1913); *Fielder v. Parker,* 119 S.W.2d 1089 (Tex.Civ.App.— Eastland 1938, no writ).

The Warrens' points of error one and three are sustained. Point two is pretermitted.

The judgment of the trial court is reversed. Judgment is here rendered overruling the pleas challenging the venue selected by the Warrens. Rule 434, Texas Rules of Civil Procedure.