**Willie B. TIEUEL, Appellant,**

v.

**SOUTHERN PACIFIC TRANSPORTATION COMPANY, Appellee.**

**No. A14–82–430CV.**

Court of Appeals of Texas,
Houston (14th Dist.).

May 19, 1983.

W. Douglas Matthews and Gregg Anderson, Houston, for appellant.

W.T. Womble, Crain, Caton, James & Womble, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and DRAUGHN and ELLIS, JJ.

## OPINION

DRAUGHN, Justice.

This is an appeal from an order sustaining a plea of privilege to transfer the case from Harris County, Texas to Shelby County, Texas. Willie B. Tieuel (appellant) sued Southern Pacific Transportation Company (appellee) under the Federal Employer's Liability Act, 45 U.S.C.A. § 51, (F.E.L.A.) seeking damages for two personal injuries sustained by him while working as a conductor for appellee. The first injury occurred in Caddo Parish, Louisiana in 1976; the second, in Shelby County, Texas in 1978. Appellant resided in Bethany, Caddo Parish, Louisiana at all times material to this cause.

Appellee filed a plea of privilege to have the cause transferred to Shelby County, Texas, or Caddo Parish, Louisiana under the provisions of a mandatory exception to the general venue statute. Tex.Rev.Civ. Stat.Ann. art. 1995, subd. 25 (Vernon 1964). This exception provides in relevant parts that suits against railroad corporations for damages arising from personal injuries shall be brought either in the county where the injury occurred, or in the county in which the plaintiff resided at the time of the injury. By amendment in 1947, a provision was added providing that if the plaintiff is a nonresident of this State, then such suit shall be brought in the county in which the injury occurred, or in the county in which the defendant railroad corporation has its principal office. Appellant filed a controverting plea alleging that venue was proper in Harris County, the locale of appel-

lee's principal office, because he was a nonresident.

For purposes of the venue hearing, the parties stipulated the following jurisdictional facts: (1) that the injuries occurred in Shelby county, Texas and Caddo Parish, Louisiana; (2) that appellant was domiciled in, and maintained a residence in Louisiana; (3) that appellee was at all material times doing business in Harris and Shelby Counties and in Caddo Parish; (4) that all necessary facts to support appellant's pleadings had been established; (5) that Southern Pacific Company is a railroad corporation with its principal Texas office in Harris County; and, (6) if the plea of privilege was sustained, the suit would be transferred to Shelby County. After a hearing, appellee's plea of privilege was sustained and the cause transferred to Shelby County.

Appellant raises two interrelated points of error. Succinctly stated, they are: (1) that appellant was a nonresident of this state and, as such, was entitled to bring his suit in either the county where the injury occurred (Shelby County), or in the county of appellee's principal place of business (Harris County); (2) that the plaintiff, rather than the defendant, has the option to choose between alternative counties in a mandatory venue exception.

Appellee joins the first issue by contending that there was sufficient evidence in the record to justify an implied finding by the trial court that appellant was a resident of Texas for venue purposes. Further, appellee points out that every reasonable intendment must be resolved in favor of the trial court's judgment where no findings of fact are filed; and that it is proper to consider only the evidence favorable to the issue and disregard all evidence or inferences to the contrary.

We summarize the evidence introduced for clarity. Appellant's deposition testimony established: (1) that appellant had resided since 1972 with his wife and three children in his declared homestead located at Route 2 Bethany, Caddo parish, Louisiana; (2) that he possessed only a Louisiana Driver's License, was registered to vote, and

paid state income taxes in Louisiana; (3) that he was a regular conductor on the train to and from Shreveport to Lufkin, Texas; (5) that, as a regular conductor between these cities, he had to "lay over" twelve hours in Lufkin and eight hours in Shreveport; (6) that he owns two small lots with houses at 206½ and 219 Lake Street in Lufkin, Angelina County, Texas; (7) that he has owned these houses since 1975 and 1980, respectively; (8) that he stays overnight in the house at 206½ Lake Street when he lays over in Lufkin; (9) that he stays there alone and maintains a telephone by which he can be reached by the crew caller; (10) that he has never intended to be a resident of, nor to live permanently in, Texas; (11) that, when he resigns, retires, or gets another job assignment, he will cease to stay overnight in Lufkin; and (12) that he has always intended to live permanently in, and be a resident of, Louisiana.

We agree with appellee that implied findings are made to support the judgment of the trial court where no findings of fact or conclusions of law are filed, and only evidence favorable to the issue is considered. *Carter v. William, Sommerville & Son, Inc.,* 584 S.W.2d 274, 276 (Tex.1979). The evidence, however, must be of sufficient probative force. *Banks v. Collins,* 152 Tex. 265, 257 S.W.2d 97 (1953). Nevertheless, we need not reach that issue because a careful examination of the pleadings in this case would preclude an implied finding by the trial court that the appellant was a resident of Texas. The record reflects that the pleadings before the trial court were Defendant's First Amended Plea of Privilege and Plaintiffs Controverting Plea thereto. The parameters of the trial court's decision are limited to those pleadings. We summarize defendant's pleadings relative to the issue of residence:

"On the face of Plaintiff's Second Amended Original Petition it appears, as a matter of law, that this suit is not brought in either the parish or county where the injuries allegedly occurred, or in the parish in which Plaintiff resided at the time of the alleged injuries and acci-

dents, to-wit: Shelby county, Texas, or Caddo Parish, Louisiana, respectively."

"Subdivision 25 of Art. 1995, V.A.T.S., is mandatory and provides that this suit must be maintained against Defendant Southern Pacific Transportation Company in either *Caddo Parish, Louisiana,* or *Shelby County, Texas.* The last sentence of Subdivision 25 provides:

If the plaintiff is a nonresident of this State, then such suit shall be brought in the county in which the injury occurred, or in the county in which the defendant railroad corporation has its principal office."

"... Here Southern Pacific is specifically and properly asking that the Court transfer this case either to the *parish of Plaintiff's residence* or the county in Texas where the accident allegedly occurred." (Emphasis added.)

██ Appellee is generally bound by its pleadings. We feel that appellee's pleadings are in the nature of a judicial admission that appellant is a resident of Louisiana. No other reasonable interpretation can be inferred. There is no "parish" subdivision in Texas, and no contention is made in appellant's pleading that appellant is a resident of Angelina County, Texas for venue or any other purpose. Nor is there anything in the record to reflect that appellees sought permission from the trial court to amend their pleading. Appellees cannot now on appeal be seriously challenging the Louisiana residency of the appellant contrary to their pleadings. Even if the pleadings do not qualify as a judicial admission, we think that they are in accord with the evidence introduced. We find that under the totality of the pleadings and the evidence, the appellant is conclusively shown to be a resident of Louisiana for all purposes relative to this suit. There is no evidence of sufficient probative force to support even an implied finding that appellant was a resident of Texas for venue purposes. The critical flaw is the total lack

of any evidence showing that appellant *intended* to have a *permanent* place of abode in Texas. Indeed, all of the evidence introduced proves conclusively that he intended to periodically "lay over" in Lufkin, Texas only as long as his job *required* him to do so. The element of permanency is critical to establishing residency for venue purposes. *Snyder v. Pitts,* 150 Tex. 407, 241 S.W.2d 136 (1951). Accordingly, appellant's first point of error is affirmed.

██ The first point of error, however, is not dispositive of the venue question. We now address the issue as to whether the plaintiff or defendant has the option to choose between alternative counties specified in a mandatory exception to the venue statute. As a nonresident, appellant was faced with mandatory venue for his cause of action either in the county where the injury occurred[1] (Shelby), or where the appellee railroad corporation has its principal place of business (Harris). Tex.Rev.Civ. Stat.Ann. art. 1995, subd. 25 (Vernon 1964). Appellee contends that in a mandatory venue exception the defendant has the exclusive choice between the alternative locales; and, therefore, the court was correct in sustaining the plea of privilege to transfer the cause to Shelby County, Texas, where the second accident occurred.

Appellee's argument is based on two suppositions: that the venue statute was primarily designed for the benefit of the defendant, and the legislative intent behind this venue exception was that the defendant is to have the option of choosing between the alternative counties.

██ We do not agree. While it is true that the general venue statute was largely designed to protect the defendant from being sued outside his residence, the contrary is true with regard to the exceptions. The venue exceptions are generally designed to benefit the plaintiff. *Warren v. Denison,* 531 S.W.2d 215, 217 (Tex.Civ.App.—Amaril-

1. The first accident occurred in Caddo Parish, Louisiana; the second, in Shelby County. The court had no authority to transfer the case to Caddo Parish notwithstanding defendant's pleadings. The court was then limited to Shelby County as one of the alternative sites for venue.

lo 1975, no writ); *Fouse v. Gulf C. & S.F. Ry. Co.*, 193 S.W.2d 241, 244 (Tex.Civ.App.—Fort Worth 1946, no writ).

In *Fouse, supra* at 243, 244, the court reasoned that under art. 1995, subd. 25, the plaintiff has the right to initially file his suit in either of the alternative counties specified. However, if the plaintiff elects to file his suit in some third county where venue does not lie, it constitutes a waiver of that option and by proper plea of privilege the defendant may have the cause transferred to its place of residence. *Accord, Mustang Tractor & Equipment Co. of Houston v. Flowers*, 596 S.W.2d 586, 587 (Tex.Civ. App.—Beaumont, 1980, no writ). The rationale for plaintiff to have the initial option is sound. To follow appellee's reasoning and give an exclusive option to the defendant would create an intolerable situation. The plaintiff, seeking a forum in which to file suit, would be burdened with the certain knowledge that regardless of which alternative county he chose—and choose he must—the defendant could automatically have the case transferred. The result would be an unnecessary increase in the number of pleas of privilege that are filed, which in turn would greatly increase the time and expense of litigation. The purpose of the exception to the venue statute is better realized by allowing the plaintiff to initially choose the forum within the mandatory alternatives.

Appellee's other contention with regard to legislative intent is novel, but not persuasive. Appellee points to the fact that the legislature added the words "at the option of the plaintiff" to subd. 29, the other mandatory alternative venue exception concerning libel and slander suits. Appellee concludes that the legislature must have intended that subd. 25 be at the option of the defendant since no option phrase was specifically included therein. We agree with the language in *Light Pub. Co. v. Wurzbach*, 266 S.W. 188 (Tex.Civ.App.—San Antonio 1925, no writ):

> "the words 'at the election of the plaintiff', are mere surplusage, and granted no right nor imposed any restriction; that is,

not inherently in every venue statute where choice of counties is accorded the plaintiff. If the words had been omitted the plaintiff would have had the same right of election as he has under the present statute." at 190.

 The rationale of prior cases giving the initial option in alternative venue exceptions to the plaintiff is sound and, if it is to be changed, the legislature should do so by specific enactments. We hold that venue in this case properly lies in Harris county, the appellee's stipulated principal place of business.

Accordingly, the judgment of the trial court is reversed, and judgment is rendered overruling the plea of privilege.