ACCEPTED
06-14-00102-CV
SIXTH COURT OF APPEALS
TEXARKANA, TEXAS
2/25/2015 9:50:07 PM
DEBBIE AUTREY
CLERK

Oral Argument Requested

CAUSE NO. 06-14-00102-CV

FILED IN
6th COURT OF APPEALS
TEXARKANA, TEXAS
2/26/2015 10:17:00 AM
DEBBIE AUTREY
Clerk

IN THE SIXTH COURT OF APPEALS
TEXARKANA, TEXAS

JOHNNY E. WEBB, III
Appellant,

v.

ALEX RODRIGUEZ, CESAR GARCIA, DIVERSEGY, LLC,
LUCIEN J. TUJAGUE, JR., DOMINION GAS HOLDINGS, LP,
NICHOLAS GALLAGHER, IDT ENERGY, INC.,
AND SHUK HOLDINGS, LLC
Appellees.

Appeal from Cause No. DC-14-09393
95th Judicial District Court of Dallas County, Texas
Hon. Judge Ken Molberg, Presiding

**BRIEF OF APPELLANT**

Darrell J. O'Neal
Law Office of Darrell J. O'Neal
TN State Bar No 20927
2129 Winchester Road
Memphis, TN 38116
(901) 345-8009 office
(901) 345-8014 fax
domemphislaw@aol.com
LEAD COUNSEL FOR
APPELLANT

## STATEMENT REGARDING ORAL ARGUMENT

Pursuant to Tex. R. App. P. 39.7, the Appellant requests oral argument.

# IDENTITY OF PARTIES AND COUNSEL

| **Appellant/Defendant:** | **Appellate & Trial Counsel:** |
|---|---|
| Johnny E. Webb, III | Darrell J. O'Neal<br>Law Office of Darrell J. O'Neal<br>TN State Bar No 20927<br>2129 Winchester Road<br>Memphis, TN 38116<br>(901) 345-8009 office<br>(901) 345-8014 fax<br>domemphislaw@aol.com |
| | Melvin Houston<br>Melvin Houston & Associates<br>TX State Bar No. 00796559.<br>1776 Yorktown, Suite 350<br>Houston, TX 77056<br>Tel: (713) 212-0600<br>Fax: (713) 212-0290<br>mhouston@gotellmel.com |
| **Appellees :** | **Appellate & Trial Counsel:** |
| Lucien Tujague, Jr. and<br>Dominion Gas Holdings LP | Andrew K. York<br>Gray Reed & McGraw<br>1601 Elm Street, Suite 4600<br>Dallas, TX 75201<br>(201) 654-4135<br>(214) 953-1332 fax<br>dyork@grayreed.com |
| Shuk Holdings LLC and<br>IDT Energy Inc | Bryan Stevens<br>Hallet & Perrin PC<br>1445 Ross Avenue, Ste 2400<br>Dallas, TX 75202<br>BStevens@hallettperrin.com |

Alex Rodriguez

Mark J. Johansen
Rafeal C. Rodriguez
Gruber Hurst Johansen Hail Shank LLP
1445 Ross Avenue, Ste 2500
Dallas, TX 75202
mjohansen@ghjhlaw.com
rrodriquez@ghjhlaw.com

# TABLE OF CONTENTS

Statement Regarding Oral Argument…………………………………………....2

Identity of Parties and Counsel………………………………………………..3

Table of Contents..…………………….....................................................5

Index of Authorities…………………………………………………………….6

Statement of the Case…………………………………………………………....9

Issues Presented on Appeal……………………………………………………….10

Statement of Facts..…………………………………………………………………11

Summary of Argument……………………………………………………….17

Issue (Restated)……………………………………………………..……..18

Argument and Authority………………….....………………..…………………..18

I.      Whether the trial court order constitutes an abuse of discretion that justifies a new trial on the merits as a remedy to correct the errors described in this appeal, and specifically:

a.      Whether the trial court abused its discretion by issuing a judgment that relies on a forum-selection clause in an agreement that Appellant never authorized or signed…………………………………………....18

b.      Whether the trial court abused its discretion by issuing a judgment that clearly indicates it relied on defendant's reply brief, which was new evidence, without giving plaintiff the equal opportunity to respond………………………………………………………………25

c.      Whether the trial court abused its discretion when it dismissed the case to New Jersey because the court does not have the express statutory authority to transfer a case into another state's jurisdiction under Tex. Civ. Prac. & Rem. Code §15.020 or under Texas Rule of Civil Procedure 87…………………….......................................28

Conclusion………………………………………………………………………...30

Prayer...……………………………………………………………….30

Certificate of Service……………………………………………………...31

Certificate of Compliance……………………………………………...32

Appendix……………………………………………………………...34

## INDEX OF AUTHORITIES

**Rules:**

Tex. Civ. Prac. & Rem. Code §15.020……………….............10, 15, 16, 18, 19

Tex. R. App. P. 26.1(a)(1) ………………………………………………..9

Tex. R. App. P. 39.7………………………………………………………2

Tex. R. Civ. P. 86………………………………………………….............26

Tex. R. Civ. P. 87…………………………………………….....10, 16, 20

**Cases:**

*Accelerated Christian Educ., Inc. v. Oracle Corp.*, 925 S.W.2d 66 (Tex. App.--Dallas 1996, no writ)………………… ………...................................19, 29

*Barnett v. Network Solutions, Inc.*, 38 S.W.3d 200 (Tex.App.-Eastland 2001, pet. denied)……………………………………………………….…18

*Beaumont Bank, N.A. v. Buller*, 806 S.W.2d 223 (Tex. 1991)…………………..28

*Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238 (Tex.1985)…….………18

*Estes v. Republic Nat'l Bank*, 462 S.W.2d 273 (Tex. 1970)…………………..23

*EZ Pawn Corp. v. Mancias*, 934 S.W.2d 87 (Tex. 1996)…………………... …..23

*Holeman v. Nat'l Bus. Inst., Inc.*, 94 S.W.3d 91 (Tex.App.-Houston [14th Dist.] 2002, pet. denied)………………………… ………...............................18

*In re Automated Collection Techs., Inc.*, 156 S.W.3d 557 (Tex.2004)…. ……...21

*In re Bass*, 113 S.W.3d 735 (Tex. 2003)……………………………………………..29

*In re Int'l Profit Assocs*., 286 S.W.3d 921 (Tex. 2009); ……...…….…….......22, 23

*In re Lalbe Corp.,* 307 S.W.3d at 316………………………………………….…...18

*In re Lisa Laser USA, Inc.,* 310 S.W.3d at 883……………………………………..18

*In re Lyon Fin. Servs*., 257 S.W.3d 228 (Tex. 2008) (orig. proceeding)………...21

*In re Missouri Pac. R.R. Co*., 998 S.W.2d 212 (Tex. 1999)………………….…...27

*Kopplow Dev. Corp. v. City of San Antonio*, 399 S.W.3d 532 (Tex. 2013)…….. 24

*McDaniel v. Yarbrough*, 898 S.W.2d 251 (Tex.1995)…………………………...18

*Morrow v. H.E.B., Inc*., 714 S.W.2d 297 (Tex. 1986)…………………………...29

*Phoenix Network Techs. (Europe) Ltd. v. Neon Sys*., 177 S.W.3d 605 (Tex. App. Houston 1st Dist. 2005)……...…………………………………………………29

*Ruiz v. Conoco*, 868 S.W.2d 752 (Tex.1993)…………………………….25, 26, 27

*Scherk v. Alberto–Culver Co*., 417 U.S. 506 (1974)………………………….…..21

*Southwest Intelecom, Inc. v. Hotel Networks Corp*., 997 S.W.2d 322 (Tex.App.-Austin 1999, pet. denied)……………………………………………………...19

*Thigpen v. Locke*, 363 S.W.2d 247 (Tex. 1962)……………….......................23

*Tieuel v. Southern Pac. Transp. Co.*, 654 S.W.2d 771 (Tex. App.--Houston [14th Dist.] 1983, no writ)………………………………………………………28

*Town N. Nat'l Bank v. Broaddus*, 569 S.W.2d 489 (Tex. 1978)…………….....23

*Vazquez v. Deutsche Bank National Trust Company*, No. 01-13-00220-CV, Court of Appeals of Texas, Houston (1st Dist.) (July 24, 2014)………………………..23

*West v. City Nat'l Bank*, 597 S.W.2d 461 (Tex. Civ. App.—Beaumont 1980, no writ)……………………………………………………………………………….28

*Young v. Valt.X Holdings, Inc.*, 336 S.W.3d 258 (Tex. App.—Austin 2010, pet. dism'd.)……………………… …………………………………….................20, 21

**Books:**
Bryan A. Garner, Garner's Dictionary of Legal Usage 373 (3d ed.2011)…………. 23

CAUSE NO. 06-14-00102-CV

*JOHNNY E. WEBB, III*
APPELLANT,

v.

*ALEX RODRIGUEZ, CESAR GARCIA, DIVERSEGY, LLC, LUCIEN J. TUJAGUE, JR., DOMINION GAS HOLDINGS, LP, NICHOLAS GALLAGHER, IDT ENERGY, INC., AND SHUK HOLDINGS, LLC*
APPELLEES.

**APPELLANT'S BRIEF**

Johnny E. Webb, III, Appellant in the above styled cause, respectfully submits this brief in appeal of the trial court's order granting Defendants' Motion To Transfer Venue Pursuant to Tex. Civ. Prac. & Rem. Code §15.020, and Subject Thereto, Alternative Motion To Dismiss based on Forum Selection Clause. This appeal is from the 95th Judicial District Court, of Dallas County, Texas, the Honorable Judge Ken Molberg presiding.  For clarity and brevity, the Appellant

may be referred to as "Webb" or "Appellant", and the Appellees, Alex Rodriquez, Cesar Garcia, Diversegy, LLC, Lucien J. Tujague, Jr., Dominion Gas Holdings, LP, Nicholas Gallagher, IDT Energy, Inc., and Shuk Holdings, LLC, may be referred to as "the Appellees." The 95th Judicial District Court of Dallas County, Texas may be referred to as "the trial court.

## STATEMENT OF THE CASE

Johnny E. Webb, III, Appellant in the above referenced cause, respectfully submits this brief in appeal of the trial court's order granting Defendants' Motion To Transfer Venue Pursuant to Tex. Civ. Prac. & Rem. Code §15.020, and Subject Thereto, Alternative Motion To Dismiss based on Forum Selection Clause ("motion to transfer and alternative motion to dismiss"), which Defendants Lucien J. Tujague, Jr. ("Tujague") and Dominion Gas Holdings ("Dominion") filed on September 9, 2014 and to which the remaining Defendants subsequently joined. This appeal is from the 95th Judicial District Court, of Dallas County, Texas, Honorable Judge Ken Molberg, presiding.

The trial court's order was signed September 23, 2014. Appellant timely filed a Motion for Reconsideration and Motion to Modify with the trial court on October 8, 2014 within 30 days. Appellant's Motion for Reconsideration and Motion to Modify was denied after hearing on November 12, 2014. This appeal was timely perfected because the notice of appeal was filed December 2, 2014

9

within 90 days after the initial order (September 23, 2014); and thereafter the judgment on the Motion for Reconsideration and Motion to Modify (November 12, 2014). See TEX. R. APP. P. 26.1(a)(1) (West 2001).

## ISSUES PRESENTED

I.     Whether the trial court order constitutes an abuse of discretion that justifies a new trial on the merits as a remedy to correct the errors described in this appeal, and specifically:

> a.     Whether the trial court abused its discretion by issuing a judgment that relies on a forum-selection clause in an agreement that Appellant never authorized or signed.
>
> b.     Whether the trial court abused its discretion by issuing a judgment that clearly indicates it relied on defendant's reply brief, which was new evidence, without giving plaintiff the equal opportunity to respond.
>
> c.    Whether the trial court abused its discretion when it dismissed the case to New Jersey because the court does not have the express statutory authority to transfer a case into another state's jurisdiction under Tex. Civ. Prac. & Rem. Code §15.020 or under Texas Rule of Civil Procedure 87.

## STATEMENT OF FACTS

Following the November 12, 2014 denial, his Motion for Reconsideration and to Modify, Correct and Reform Judgment Based on New Evidence and Request for Findings of Fact & Conclusions of Law, Appellant submitted this Appeal. The relevant facts regarding this appeal are included below:

In 2010, Mr. Webb, Defendant Alex Rodriguez, Defendant Cesar Garcia and others formed the energy company Diversegy. CR 156[1], Plaintiff's Amended Petition at ¶ 13. It was formed as an energy brokerage and advisory company, which provided energy services to customers in the commercial, industrial and residential arenas. *Id.* In 2011, the company was structured as a limited liability company. *Id.* In 2013 Diversegy formed its subsidiary company Epiq Energy, LLC. Id. at ¶ 19. Epiq was formed as a multi-level network marketing that provides residential customers energy products. *Id.* In December 2013 Diversegy and its subsidiary were acquired by IDT Energy, Inc.[2], a corporation duly incorporated and organized under the laws of Delaware, with a principal office at 550 Broad Street, Newark, New Jersey. *Id.* at ¶ 10. However, it was determined that Defendant IDT maintained a corporate office in Austin, Texas. CR 267. It was further determined that Defendants IDT and Shuk are registered corporations

---

[1] The Court Reporter's Record and page numbers are cited as "CR __".
[2] IDT Energy, Inc. is held and wholly owned by the publicly traded company Genie, Inc. IDT also provides residential customers energy products.

within the State of Texas and are doing business in the State of Texas. CR 263-270.

Plaintiff, Mr. Webb, is one of eleven (11) purported sellers that is party to the Unit Purchase Agreement ("purchase agreement" or "UPA"), dated December 5, 2013 between IDT Energy, Inc., Shuk Holdings LLC, Diversegy, LLC and "The Members of Diversegy, LLC".  CR 19, Unit Purchase Agreement, p.2.

The purchase price of Diversegy is two million dollars ($2,000,000.00). CR 156 at ¶23.  According to the UPA, the consummation of the purchase transaction includes the balance of two payments of four hundred seventeen thousand dollars ($417,000.00) to be paid on the twelve (12) month anniversary of the Closing (December 5, 2013); and four hundred sixteen thousand dollars ($416,000.00) to be paid on the eighteen (18) month anniversary of the Closing. *Id.* ¶24.  Each payment is to be paid to the Seller Closing Escrow account according to the Purchase Agreement. *Id.*

The Sellers' representative is Defendant Lucian Tujague, who owns the majority of units/shares in the company Diversegy.  *Id.* at ¶26. The Sellers' representative was purportedly authorized to act on behalf of the sellers.  *Id.* However, there is no document, to Plaintiff's knowledge, that purports to show such authorization by the sellers. *Id*. at ¶27.

Under the terms of the purchase agreement, sellers were obligated to disclose all debts and liabilities. *Id*. at ¶28. Unbeknownst to Plaintiff, and in breach of the purchase agreement, Defendants concealed over $250,000.00 in debts owed to Plaintiff, and thousands of dollars owed to former brokers, consultants and vendors. *Id*. at ¶32. Defendants failed to get the authorization of sellers to allow the sellers' representative to act on their behalf. *Id*. Defendants refused Plaintiff payment for the purchase of his shares. *Id*. at ¶39. Defendants withheld the terms and conditions of the sale of Diversegy and refused to give Plaintiff a copy of the Unit Purchase Agreement. *Id*. at ¶40. Plaintiff did not receive a copy of the Unit Purchase Agreement until he demanded the same after having learned of the sale months later. *Id*.

Further, Defendants have refused demands for payment of these debts despite repeated demands for payment. *Id*. at ¶35. Defendants have refused to provide an accounting of the total debt concealed. *Id*. at ¶36. Defendants have refused to provide a valuation of the Plaintiff's share or units of ownership of the company at the time of the sale or otherwise. *Id*. at ¶37. Defendants have refused Plaintiff access to inspect and copy the books and records of Diversegy and its subsidiary in violation of the company operating agreement. *Id*. at ¶38. Additionally, Defendants misrepresented material facts concerning the debts and

liabilities of Diversegy, namely the total amounts of debts owed to Plaintiff. *Id*. at ¶41.

As a result, Plaintiff filed an Application for Temporary Restraining Order ("TRO") and Original Petition on August 27, 2014 and an Amended Petition and Application on August 28, 2014. CR9 and CR156. The application was filed *ex parte* pursuant to Local Rule 2.02(c) based on the concern that Defendants would remove, secret, destroy or otherwise manipulate documents subject to the lawsuit. CR142. The Temporary Restraining Order and Order Setting Hearing for Preliminary Injunction was issued and entered on August 28, 2014. CR 153. The matter was set for hearing on September 12, 2014. *Id.*

On September 9, 2014, Defendants Lucien J. Tujague, Jr. ("Tujague") and Dominion Gas Holdings ("Dominion") filed a Motion To Transfer Venue Pursuant to Tex. Civ. Prac. & Rem. Code §15.020, and Subject Thereto, Alternative Motion To Dismiss based on Forum Selection Clause ("motion to transfer and alternative motion to dismiss"). CR 207. The motion was not supported by affidavit or any other documentation, other than reference to the Unit Purchase Agreement (UPA) attached as an exhibit to Plaintiff's Original Petition. *Id.*

On September 10, 2014, Defendants Tujague and Dominion filed a Request For Emergency Hearing on the Motion to Transfer Venue Pursuant To Tex. Civ.

Prac. & Rem. Code §15.020, and Subject Thereto, Alternative Motion To Dismiss Based On Forum Selection Clause.  CR 223.

On September 11, 2014 Defendants IDT Energy, Inc. ("IDT") and Shuk Holdings, LLC ("Shuk") filed a Special Appearance.  CR 238.

On September 12, 2014 after hearing argument of counsel at the hearing, the Court extended the TRO another fourteen (14) days.  CR  247.  The court instructed the Defendants to set the motion to transfer and alternative motion to dismiss, as well as the special appearance and provide notice of the setting of the hearing to all parties. RRV2, 36:13[3].

On September 18, 2014, Defendants IDT and Shuk provided notice of the setting of the hearing on their Special Appearance for September 23, 2014.  CR 282.  Defendants Tujague and Dominion never filed a notice of setting for the motion to transfer venue and motion to dismiss.

On September 19, 2014 Defendant Alex Rodriguez ("Rodriguez") filed a Joinder to Defendants Lucien J. Tujague, Jr. and Dominion Gas Holdings, LP's Motion to Transfer Venue Pursuant to Tex. Civ. Prac. & Rem. Code §15.020, and Subject Thereto, Alternative Motion To Dismiss Based On Forum Selection Clause, and Original Answer Subject Thereto.  CR 250.

---

[3]  The Reporter's Record is cited with volume and page number and lines as "RRV_, __:__"

15

On September 22, 2014, Plaintiff filed his response to the motion to transfer and alternative motion to dismiss and special appearance. CR 271. Plaintiff filed his response in opposition to Defendants' Shuk and IDT's Special Appearance on September 22, 2014. CR 256.

On September 23, 2014, the same day as the hearing, Defendants Tujague and Dominion filed their Reply Brief In Support of Motion to Transfer Venue Pursuant to Tex. Civ. Prac. & Rem. Code §15.020, and Subject Thereto, Alternative Motion to Dismiss Based On Forum Selection Clause. CR 350. The Reply Brief attached new evidence and allegations in the form of three affidavits. *Id*. Also on the same day of the hearing, September 23, 2014, Defendants Shuk Holdings and IDT filed Joinder in the Reply Brief In Support Of Motion To Transfer Venue and/or Motion To Dismiss Based On Forum Selection Clause. CR 286.

After the hearing on September 23, 2014, the Court granted the Motion to Transfer Venue Pursuant to Tex. Civ. Prac. & Rem. Code §15.020, and Subject Thereto, Alternative Motion To Dismiss based on Forum Selection Clause "based on the motion, any response of Plaintiff to the Motion and Defendants' Reply Brief in Support of their Motion, the Affidavits of Lucien J. Tujague, Jr., Samir

16

Akhtarkhavari, and Alex Rodriguez submitted by Defendants pursuant to Tex. R. Civ. P. 87(1) and 87(3) and argument of counsel". Suppl. CR 4[4].

Plaintiff requested findings of fact and conclusions of law after the hearing. The trial court denied Plaintiff's request. RRV3, 31.

## SUMMARY OF THE ARGUMENT

The judgment issued by the trial court appears to be based on several flawed lines of reasoning, and this abuse of discretion in this case has negatively affected Appellant. The dismissal of Appellant's case is reversible error for three (3) reasons: First, the court's decision should not have relied on a forum-selection clause in an agreement that Appellant never authorized. Second, the trial court's judgment was not based on a full adjudication of all the evidence and facts, and must not be allowed to stand. It was based on new evidence from Defendants in this case, and Plaintiffs should have been allowed to present a rebuttal as well. Third, the judgment was based on Texas Rules of Civil Procedure, which does not grant the court's jurisdiction outside of Texas. The trial court had no power to transfer the case from Texas to New Jersey.

---

[4] The supplemental clerk's record with page numbers is cited as "Suppl CR __".

## ISSUE

### (Restated)

Whether the trial court's order constitutes an abuse of discretion that justifies a new trial on the merits as a remedy to correct the errors described in this appeal.

## ARGUMENT AND AUTHORITY

### A. Applicable Law and Analysis – Issue 1

## THE TRIAL COURT ABUSED ITS DISCRETION BY ISSUING A JUDGMENT THAT RELIES ON A FORUM-SELECTION CLAUSE IN AN AGREEMENT THAT APPELLANT NEVER AUTHORIZED OR SIGNED.

A trial court's decision regarding the validity and enforcement of forum selection clauses is reviewed under an *abuse of discretion* standard. *Holeman v. Nat'l Bus. Inst., Inc*., 94 S.W.3d 91, 95 (Tex.App.-Houston [14th Dist.] 2002, pet. denied); *Barnett v. Network Solutions, Inc*., 38 S.W.3d 200, 203 (Tex.App.-Eastland 2001, pet. denied) (emphasis added). A trial court abuses its discretion when it fails to properly interpret or apply a forum-selection clause. *In re Lisa Laser USA, Inc.,* 310 S.W.3d at 883; *In re Lalbe Corp.,* 307 S.W.3d at 316.

Further, the trial court abuses its discretion if it acts without reference to any guiding principles or acts arbitrarily or unreasonably. See *Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 241–42 (Tex.1985). A failure by a trial court to analyze or apply the law correctly is an abuse of discretion. *McDaniel v.*

18

*Yarbrough*, 898 S.W.2d 251, 253 (Tex.1995). Additionally, Texas courts are not bound by the parties' selection of a forum with regard to any cause of action if it would be arbitrary or unreasonable for the court to apply said forum-selection clause to a party. This forum-selection at issue cannot be properly applied to Appellant.

Appellees set forth two arguments in support of their motion to transfer and alternative motion to dismiss: (1) Webb's claims are governed by the "major transaction" mandatory venue provision in Tex. Civ. Prac. & Rem. Code § 15.020 and (2) because a contract requires Webb to litigate his claims in Essex County, New Jersey. CR 207. Appellees' first argument fails because Tex. Civ. Prac. & Rem. Code § 15.020 does not apply where there is no valid written agreement. Lacking a contractual or statutory provision to the contrary, venue is proper in Dallas County. Appellees' second argument and alternative motion to dismiss based on a contractual provision fails for the same reason, that being no valid written agreement.

Forum selection clauses are enforceable in Texas, provided that (1) the parties have contractually consented to submit to the exclusive jurisdiction of another state, and (2) the other state recognizes the validity of such provisions. *Southwest Intelecom, Inc. v. Hotel Networks Corp*., 997 S.W.2d 322, 324 (Tex.App.-Austin 1999, pet. denied); *Accelerated Christian Educ., Inc. v. Oracle*

19

*Corp.*, 925 S.W.2d 66, 70 (Tex. App.--Dallas 1996, no writ). Therefore, even if the contractual provision argued by Appellees is considered a forum-selection clause, this argument fails because Appellant did not authorize or agree to the contract and it is therefore not enforceable against Plaintiff.

Tex. Civ. Prac. & Rem. Code § 15.020 only applies where there is a valid written agreement. Appellees did not establish a valid and binding agreement as to Appellant in order to succeed on the motion to transfer. As Appellees argue in their motion, "[t]he party seeking to enforce a contractual forum-selection provision has the initial burden of establishing that the parties entered into an ***agreement*** to an exclusive forum and that the agreement applies to the claims involved. *Young v. Valt.X Holdings, Inc.*, 336 S.W.3d 258, 262 (Tex. App.—Austin 2010, pet. dism'd.) (emphasis added). Here, Appellees' fail to meet the initial burden of establishing that the Appellant entered in an agreement with Appellees.

Moreover, it is Appellant's position that the trial court failed to properly adjudicate the facts of the case. This forum-selection clause is a contract that the Appellant had no knowledge of because he did not agree to be bound to the purchase agreement. While the agreement purports to contain Mr. Webb's signature, it was a replica placed within the agreement without Mr. Webb's authorization or knowledge. This fact was argued during the hearing on the

20

motion to transfer and supported by affidavits from Mr. Webb, a handwriting expert, and another seller. RRV3, 24:20 – 25; CR 431 at ¶¶ 3-6.

Additionally, the Texas Supreme Court has held that "enforcement of forum-selection clauses is mandatory unless the party opposing enforcement 'clearly shows that enforcement would be unreasonable and unjust, or that the clause was invalid for such reasons as fraud or overreaching." *In re Automated Collection Techs., Inc.*, 156 S.W.3d 557, 559 (Tex.2004). The facts in Appellant's case clearly demonstrate that enforcement of this forum-selection clause would be unreasonable and unjust in light of Appellant's allegations.

Texas law delineates that a specific forum selection clause may be set aside if it is induced by fraud. *Scherk v. Alberto–Culver Co.*, 417 U.S. 506, 519 n. 14, 94 S.Ct. 2449, 41 L.Ed.2d 270 (1974). Furthermore, fraudulent inducement to sign an agreement containing a forum-selection clause will not bar enforcement of the clause unless the specific clause was the product of fraud or coercion. See *In re Lyon Fin. Servs.*, 257 S.W.3d 228, 232 (Tex. 2008) (orig. proceeding). In other words, the fraud or overreaching in question must involve the negotiation of the forum-selection clause itself. *Young v. Valt X Holdings, Inc.,* 336 S.W.3d 258, 266-267 (Tex. App.—Austin 2010, pet. dism'd). However, since Appellant has not alleged that he was fraudulently induced to sign the UPA, his case cannot simply be resolved by Appellee's simply presenting evidence that Appellant's signature

appears on the UPA. Indeed, Appellant argues that there is no enforceable forum selection clause because Appellant did not contractually consent to submit to the exclusive jurisdiction of another state.

The Appellant alleged in his Amended Petition that the Unit Purchase Agreement ("UPA") and it accompanying documents was entered on his behalf without his authorization. CR 156. According to the UPA at issue, the sellers' representative (Defendant Tujague) was purportedly authorized to act on behalf of the sellers. However, there is no document that purports to show such authorization by the sellers. *Id*. at ¶27. Appellant alleged that Defendant Sellers failed to get the authorization of Appellant to allow the sellers' representative to act on his behalf. *Id*. at ¶34. Appellant also alleged that "Defendant Sellers withheld the terms and conditions of the sale of Diversegy and refused to give Appellant a copy of the Unit Purchase Agreement." *Id*. at ¶40. Appellant further alleges that the purported "waterfall" documents referenced in the Unit Purchase Agreement were not created or provided to him. *Id*. at ¶ 49.

Appellant therefore never signed the agreement as a result of fraud, nor was he induced to agree to the said forum-selection clause as a result of fraud. Appellant's argument goes beyond fraud and/or fraudulent inducement.

Granted, Texas law proscribes that a party who signs a document is presumed to know its contents. See *In re Int'l Profit Assocs*., 286 S.W.3d 921, 922

22

(Tex. 2009); *EZ Pawn Corp. v. Mancias*, 934 S.W.2d 87, 90 (Tex. 1996) (orig. proceeding) (per curiam); *Town N. Nat'l Bank v. Broaddus*, 569 S.W.2d 489, 492 (Tex. 1978); *Estes v. Republic Nat'l Bank*, 462 S.W.2d 273, 276 (Tex. 1970); *Thigpen v. Locke*, 363 S.W.2d 247, 253 (Tex. 1962). Parties to a contract are obligated to protect themselves by reading what they sign and, absent evidence of fraud or overreaching, cannot be excused from the consequences of the failure to read the contract. See *In re Int'l Profit Assocs.,* 286 S.W.3d at 922 ("Parties who sign contracts bear the responsibility of reading the documents they sign.").

Accordingly, since Appellant never signed or authorized the UPA, he cannot be charged with knowledge of the forum selection clause nor can he be charged with knowledge of the contents of a contract that he never authorized or signed. Indeed, the facts and circumstances of this case require that the forum-selection clause be deemed unenforceable against Appellant in this case.

A document is forged if it is signed by one who purports to act as another. See *Vazquez v. Deutsche Bank National Trust Company*, No. 01-13-00220-CV, Court of Appeals of Texas, Houston (1st Dist.) (July 24, 2014); see also Bryan A. Garner, Garner's Dictionary of Legal Usage 373 (3d ed.2011) (concept of "forgery" includes both a false document and a "false part of a document"). Where Plaintiff's amended petition alleges withholding and concealment of documents, and failure to secure his authorization, the context of the petition puts at issue

whether the UPA is a false document as to Plaintiff, as well as the authenticity of the UPA and its accompanying documents. CR 156.

Read as a whole, Plaintiff's petition gives Defendants fair and adequate notice that he is challenging the provenance of the UPA, and his authorization for anyone to act on his behalf. ("Texas is a notice pleading jurisdiction, and a 'petition is sufficient if it gives fair and adequate notice of the facts upon which the pleader bases his claim. The purpose of this rule is to give the opposing party information sufficient to enable him to prepare a defense." *Kopplow Dev. Corp. v. City of San Antonio*, 399 S.W.3d 532, 536 (Tex.2013)).

The Appellees must establish that the UPA actually binds the Plaintiff. The Appellees have failed to produce any evidence that establishes the Appellant is bound by the UPA and have failed to controvert the Plaintiff's allegations that the UPA was entered without his authorization. Moreover, to date the Appellees have failed to produce the original UPA executed by Appellant pursuant to this court's order. CR153. In light of Plaintiff's allegations, production of the original UPA with Plaintiff's signature would be the best evidence establishing an enforceable agreement against Plaintiff. While Defendants provided a photocopy of the UPA signature page, Defendants failed to provide an original copy of the UPA with Mr. Webb's signature for inspection pursuant to court order. *Id.* at 154.

24

The Appellees have not met their burden of proving that Appellant actually authorized or signed the UPA containing said forum-selection clause. As a result, it was error for the trial court to grant Defendant's motion to transfer the case out of Dallas County based on a forum-selection clause in an agreement that Appellant never made.

### B. Applicable Law and Analysis – Issue 2

**THE TRIAL COURT ABUSED ITS DISCRETION BY ISSUING A JUDGMENT THAT CLEARLY INDICATES IT RELIED ON DEFENDANT'S REPLY BRIEF, WHICH WAS NEW EVIDENCE, WITHOUT GIVING PLAINTIFF THE EQUAL OPPORTUNITY TO RESPOND.**

In deciding a motion to transfer venue, the trial court is required by Tex. R. Civ. P. 87 to take as true those facts of which *prima facie* proof is made by the party with the burden of such proof; yet in reviewing the trial court's decision, an appellate court must reverse, for there cannot be harmless error, if other evidence in the record, even evidence adduced after venue was determined, destroys the *prima facie* proof on which the trial court relied. *Ruiz v. Conoco*, 868 S.W.2d 752, 757-758 (Tex. 1993). *Prima facie* proof is not subject to rebuttal, cross-examination, impeachment or even disproof. *Id.* However, evidence as a whole may well show that *prima facie* proof was misleading or wrong. *Id.* A trial court is obliged to conduct an independent review of the entire record to determine whether venue was proper in the ultimate county of suit. *Id.*

25

The evidence in Appellent's case as a whole indeed shows that *prima facie* proof presented by Defendants was misleading or wrong. The very fact that the Defendants' evidence was submitted on the day of the venue hearing lends it to easily being misconstrued without an adequate opportunity by the Appellant to explain evidence and qualify statements presented by Defendants. CR 350. Courts should consider not only the *prima facie* proof but also evidence in the record that destroys such proof. *Ruiz v. Conoco*, 868 S.W.2d 752, 757-758 (Tex. 1993). The trial court must review the record as a whole, even rebuttal evidence. *Id.*

If the trial court is to consider new evidence of one party and cut off that opportunity for the other party, this can in no way be described as an equitable or fair manner of resolving disputes. The wisdom of such a practice should be challenged, particularly in light of Defendants' flawed argument that Appellant has no right to offer any rebuttal to its *prima facie* proof. Appellees have woefully misunderstood and misconstrued the plain language of the Tex. R. Civ. P. 87, which is generally a Plaintiff's statute. It is the plaintiff who should benefit under the statutory language as to venue, because the procedure provides initially that a plaintiff's choice of venue stands unless challenged by proper motion to transfer venue. See TEX. R. CIV. P. 86(1). Once challenged, the plaintiff has the burden to present *prima facie* proof by affidavit or other appropriate evidence that venue is maintainable in the county of suit. See TEX. R. CIV. P. 87(2)(a), (3)(a). The

plaintiff's *prima facie* proof is not subject to rebuttal, cross-examination, impeachment, or disproof. *See Ruiz v. Conoco, Inc.*, 868 S.W.2d at 757. However, if the plaintiff fails to discharge the burden, the right to choose a proper venue passes to the defendant, who must then prove that venue is proper in the defendant's chosen county. *In re Missouri Pac. R.R. Co.*, 998 S.W.2d 212, 216 (Tex. 1999). Defendants argued that their *prima facie* proof is not subject to rebuttal, but their logic is misplaced; as not only is Texas Rule of Civil Procedure 87 clearly a plaintiff's statute, but Defendants have mixed apples and oranges in that the parties are not dealing in this case with a move from one Texas county to another, rather the parties are litigating a forum-selection clause that will facilitate a move from one state to another, from Texas to the New Jersey.

As argued *supra*, the trial court is obliged to conduct an independent review of the entire record to determine whether venue was proper in the ultimate county of suit. The evidence as a whole may well show that Defendants' purported *prima facie* proof was misleading or wrong. Appellant should have been given an opportunity to respond to the new evidence provided by Defendants, so the trial court could consider evidence in the record as a whole.

*C. Applicable Law and Analysis – Issue 3*

**THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DISMISSED THE CASE TO NEW JERSEY BECAUSE THE COURT DOES NOT HAVE THE EXPRESS STATUTORY AUTHORITY TO TRANSFER A CASE INTO ANOTHER STATE'S JURISDICTION UNDER TEX. CIV. PRAC. & REM. CODE §15.020 OR UNDER TEXAS RULE OF CIVIL PROCEDURE 87.**

First, venue is proper in Dallas County pursuant to Tex. Civ. Prac. & Rem. Code § 15.002. Plaintiff's Amended Petition alleges that the actions complained of all occurred in Dallas County. CR156, ¶ 2. The amended petition also alleges that Appellant is a resident of Dallas County. *Id.* at ¶3. Moreover, the amended petition alleges that Defendant Tujague resides in Dallas County and that Dominion Gas Holdings is a Texas limited partnership with its registered agent located in Dallas County. (*Id.* at ¶¶ 7, 8). Equally important, Appellees do not cite to any authority that permits the trial court to transfer venue to a county outside of the state of Texas.

A transfer of venue can only normally be from one county in Texas to another county in Texas. There is no authority for transferring a case to another state. Indeed, the law appears to be to the contrary. *See Tieuel v. Southern Pac. Transp. Co.*, 654 S.W.2d 771, 774 n.1 (Tex. App.--Houston [14th Dist.] 1983, no writ) (noting court had no authority to transfer case to Louisiana); *West v. City Nat'l Bank*, 597 S.W.2d 461, 464 (Tex. Civ. App.--Beaumont 1980, no writ)

28

(noting plea of privilege effective only to transfer case from one county in Texas to another county in Texas).

Texas law suggests that a motion to dismiss is the proper procedural mechanism for enforcing a forum-selection clause that a party to the agreement has violated in filing suit, and rulings on such as motions are reviewed for abuse of discretion. *Phoenix Network Techs. (Europe) Ltd. v. Neon Sys*., 177 S.W.3d 605, 610 (Tex. App. Houston 1st Dist. 2005); *Accelerated*, 925 S.W.2d at 70. Furthermore, a trial court abuses its discretion if its order is "so arbitrary and unreasonable as to amount to a clear and prejudicial error of law." *In re Bass*, 113 S.W.3d 735, 738 (Tex. 2003). To determine there is an abuse of discretion, we review the entire record. See *Morrow v. H.E.B., Inc*., 714 S.W.2d 297 (Tex. 1986). "Our focus remains on the trial court order. An appellate court may not reverse for an abuse of discretion merely because it disagrees with the trial court's decision, if that decision was within the trial court's discretionary authority." See *Beaumont Bank, N.A. v. Buller*, 806 S.W.2d 223, 226 (Tex. 1991).

Indeed, however, Appellant contends that the trial court had no authority to order the case be moved to New Jersey. As such, based on the above analysis, Appellant should be granted a new trial on the merits. The trial court has clearly erred by dismissing this case to New Jersey. This appeal clearly enumerates the

trial court's undeniable abuse of discretion in issuing its judgment against Appellant.

## CONCLUSION

The judgment issued by the trial court appears to be based on several flawed lines of reasoning, and this abuse of discretion in this case has negatively affected Appellant. The dismissal of Appellant's case is reversible error for three (3) reasons: First, the court's decision should not have relied on a forum-selection clause in an agreement that Appellant never authorized. Second, the trial court's judgment was not based on a full adjudication of all the evidence and facts, and must not be allowed to stand. It was based on new evidence from Defendants in this case, and Plaintiffs should have been allowed to present a rebuttal as well. Third, the judgment was based on Texas Rules of Civil Procedure, which does not grant the court's jurisdiction outside of Texas. The trial court had no power to transfer the case from Texas to New Jersey.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Appellant respectfully prays that this Honorable Court reverse the order of the 95th Judicial District Court, of Dallas County, Texas, and remand the case for a new trial. Appellant asks that the Court find that trial court's order constitutes an abuse of discretion and is therefore

30

reversible error. Appellant asks that the trial court be ordered to render him a new trial and remedy these errors.

Respectfully submitted,

**/s/ Darrell J. O'Neal**
Darrell J. O'Neal
Law Office of Darrell J. O'Neal
TN State Bar No 20927
2129 Winchester Road
Memphis, TN 38116
(901) 345-8009 office
(901) 345-8014 fax
domemphislaw@aol.com

Melvin Houston
Melvin Houston & Associates
TX State Bar No. 00796559.
1776 Yorktown, Suite 350
Houston, TX 77056
Tel: (713) 212-0600
Fax: (713) 212-0290
mhouston@gotellmel.com

COUNSEL FOR APPELLANT

**CERTIFICATE OF SERVICE**

I hereby certify that I served a true and correct copy of the above and foregoing Appellant's Brief via this court's electronic filing system pursuant to T.R.AP. Rule 9 upon the following on February 25, 2015:

Andrew K. York
Gray Reed & McGraw
1601 Elm Street, Suite 4600
Dallas, TX 75201

31

(201) 654-4135
(214) 953-1332 fax
dyork@grayreed.com
Counsel for Lucien Tujague, Jr.and
Dominion Gas Holdings LP

Bryan Stevens
Hallet & Perrin PC
1445 Ross Avenue, Ste 2400
Dallas, TX 75202
BStevens@hallettperrin.com
Counsel for Shuk Holdings LLC and
IDT Energy Inc

Mark J. Johansen
Rafeal C. Rodriguez
Gruber Hurst Johansen Hail Shank LLP
1445 Ross Avenue, Ste 2500
Dallas, TX 75202
mjohansen@ghjhlaw.com
rrodriquez@ghjhlaw.com
Counsel for Alex Rodriguez

Respectfully submitted,

**/s/  Darrell J. O'Neal**
Darrell J. O'Neal

## CERTIFICATE OF COMPLIANCE

Pursuant to Texas Rule of Appellate Procedure 9.4(i)(3), I hereby certify that this brief contains 4994 words (excluding the caption, table of contents, table of authorities, signature, proof of service, certification, and certificate of compliance). This is a computer-generated document created in Microsoft Word, using 14-point typeface for all text, except for footnotes which are in 12-point typeface. In making

this certificate of compliance, I am relying on the word count provided by the software used to prepare the document.

Respectfully submitted,

**/s/  Darrell J. O'Neal**
Darrell J. O'Neal

APPENDIX

Contains:

    A.  Trial Court's Judgment dated September 23, 2014.

    B.  Text of Rule on which the appeal argument is based.

| | | |
|---|---|---|
| JOHNNY E. WEBB, III | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| ALEX RODRIGUEZ, CESAR | § | DALLAS COUNTY, TEXAS |
| GARCIA, DIVERSEGY, LLC, LUCIEN | § | |
| J. TUJAGUE, JR., DOMINION GAS | § | |
| HOLDINGS, LP, NICHOLAS | § | |
| GALLAGHER, IDT ENERGY, INC., | § | |
| AND SHUK HOLDINGS, LLC, | § | |
| | § | |
| Defendants. | § | |
| | § | 95th JUDICIAL DISTRICT |

## ORDER ON DEFENDANTS LUCIEN J. TUJAGUE, JR. AND DOMINION GAS HOLDINGS, LP'S MOTION TO TRANSFER VENUE PURSUANT TO TEX. CIV. PRAC. & REM. CODE §15.020, AND SUBJECT THERETO, ALTERNATIVE MOTION TO DISMISS BASED ON FORUM SELECTION CLAUSE

On this day the Court considered Defendants ~~Lucien J. Tujague, Jr. and Dominion Gas Holdings, LP's~~ Motion to Transfer Venue pursuant to Tex. Civ. Prac. & Rem. Code § 15.020, and subject thereto, alternatively file a Motion to Dismiss Based on Forum Selection Clause (the and Joinders "Motion"), the response, if any, of Plaintiff Johnny E. Webb, III to the Motion, Defendants' Reply Brief in Support of their Motion, the Affidavits of Lucien J. Tujague, Jr., Samir Akhtarkhavari, and Alex Rodriguez submitted by Defendants pursuant to Tex. R. Civ. P. 87(1) and 87(3), and the arguments of counsel. The Court is of the opinion that the Motion should be GRANTED.

ORDER ON MOTION TO TRANSFER VENUE AND ALTERNATIVELY TO
DISMISS BASED ON FORUM SELECTION CLAUSE – PAGE 1
2293644.1

IT IS THEREFORE ORDERED that Plaintiff's lawsuit is DISMISSED WITHOUT PREJUDICE TO THE REFILING OF SAME in state or federal court in Essex County, New Jersey.

SIGNED THIS 23rd DAY OF SEPTEMBER 2014.

HONORABLE KEN MOLBERG
PRESIDING JUDGE

Sec. 15.020.  MAJOR TRANSACTIONS:  SPECIFICATION OF VENUE BY AGREEMENT.  (a)  In this section, "major transaction" means a transaction evidenced by a written agreement under which a person pays or receives, or is obligated to pay or entitled to receive, consideration with an aggregate stated value equal to or greater than $1 million.  The term does not include a transaction entered into primarily for personal, family, or household purposes, or to settle a personal injury or wrongful death claim, without regard to the aggregate value.

(b)  An action arising from a major transaction shall be brought in a county if the party against whom the action is brought has agreed in writing that a suit arising from the transaction may be brought in that county.

(c)  Notwithstanding any other provision of this title, an action arising from a major transaction may not be brought in a county if:

(1)  the party bringing the action has agreed in writing that an action arising from the transaction may not be brought in that county, and the action may be brought in another county of this state or in another jurisdiction;  or

(2)  the party bringing the action has agreed in writing that an action arising from the transaction must be brought in another county of this state or in another jurisdiction, and the action may be brought in that other county, under this section or otherwise, or in that other jurisdiction.

(d)  This section does not apply to an action if:

(1)  the agreement described by this section was unconscionable at the time that it was made;

(2)  the agreement regarding venue is voidable under Chapter 272, Business & Commerce Code; or

(3)  venue is established under a statute of this state other than this title.

(e)  This section does not affect venue and jurisdiction in an action arising from a transaction that is not a major transaction.

37

Added by Acts 1999, 76th Leg., ch. 84, Sec. 1, eff. Aug. 30, 1999.
Amended by:

Acts 2007, 80th Leg., R.S., Ch. 885 (H.B. 2278), Sec. 2.10, eff. April 1, 2009.